## GILLETT v. EDGAR et al.

1. **Appraisement law: ELECTION: EFFECT OF DELAY.** A judgment debtor, who delays to file notice of his election to have his land sold subject to redemption, until after the levy of the execution, and the selection by him of one of the appraisers, does not bring himself within the letter or spirit of the statute (§ 3671, Rev., 1860) and has no right to then insist that the sale be made subject to redemption.

### Appeal from Jackson District Court.

### WEDNESDAY, JUNE 12.

THIS is a motion by the defendants to set aside a sheriff's sale of four different subdivisions of land, containing forty acres each, one of which is claimed by the defendants as a homestead. The sale was made under execution issued upon a judgment in favor of plaintiff and against defendants. The debt was contracted after the enactment of the appraisement law. The District Court overruled the motion as to three of the tracts, and sustained it as to the homestead tract. The defendants appeal. The further facts are stated in the opinion.

*Booth & Graham* for the appellants.

*A. R. Cotton* for the appellee.

COLE, J.—The motion to set aside the sheriff's sale is based upon the ground that the land was sold under the appraisement law, and an absolute deed given to the purchaser, who was the plaintiff in execution; whereas the defendants claim that the sale should have been under the redemption law, and a certificate of purchase only given to the purchaser, under which the defendants would have one year to redeem.

The judgment on which the execution was issued, was rendered in September, 1866. The execution was issued

January 12, 1867. On the second day of February, the sheriff levied it upon the real estate in controversy ; on the sixth of the same month, the real estate was duly appraised, the defendants selecting one of the appraisers after notice of the levy was served upon them ; on the eighteenth of the same month the defendants filed, with the clerk of the court, issuing the writ, notice in writing of their election to have the land sold subject to redemption. On the 4th day of March, proper notice of sale having been given, the sheriff sold the several parcels at more than two-thirds of the appraisment value, to the plaintiff. On the day of sale, and before the same was made, the defendants served notice on the plaintiff and the sheriff, that they waived all benefit of the appraisement law, and required the sale to be made subject to redemption, and also gave public notice thereof.

Prior to April, 1860, all sales of real estate upon execution (other than in mortgage foreclosure cases, and the like), were required by the law of this State to be made subject to redemption within one year from the day of sale. Rev., § 3322, *et seq.* On the date last aforesaid, by an act of the legislature, it was provided that no goods, chattels, lands or tenements shall be sold on execution for less than two-thirds of the fair value thereof, to be ascertained by appraisers selected in the manner pointed out by the act. Rev., § 3360, *et seq.* It is then provided, by a section of the same act, which is now Revision, section 3371 : " It shall be lawful for any judgment debtor to have his real estate sold on execution subject to redemption, as provided by law, and in case he so elects before a levy on the same by the officer having control of the writ, and files his notice, in writing, of election, with the clerk of the court issuing the writ, the officer shall proceed to sell subject to redemption, and shall execute to the purchaser a certificate of purchase."

It will be seen by reference to the facts above stated, that the notice of election to have the land sold subject to redemption, was not filed with the clerk until after the levy, and after the defendant had selected one of the appraisers, nor until more than two weeks after the appraisement, and between five and six weeks after the issuing of the execution. The defendants are not, therefore, within the provisions of the section relied upon, and under which alone they could claim the right to have the property sold subject to redemption. Besides, the action of the defendants, without objection or complaint, in selecting one of the appraisers, after notice by the sheriff of the levy, etc., may very reasonably be construed as an election as well as an assent, to have the land sold under the appraisement law, and a waiver of their right to have it sold subject to redemption; and it has been properly held by the Supreme Court of Pennsylvania, that when a judgment debtor has waived a privilege or right under their execution statute he cannot afterward set up a claim inconsistent with such waiver. *Rowyer's Appeal*, 21 Penn. (7 Harris), 210.

*1. Appraisement law: election: effect of delay.*

There is no pretense in this case that the defendants were surprised by the issuance of execution or the levy, nor that any advantage was taken of them, or deception practiced upon them in relation thereto, or that there was any failure to comply with the statute. They are not, therefore, either within the letter or the spirit of the section quoted above, and upon which they alone rely. See *Evans* v. *Landon*, 1 Gilm. (Ill.), 307.

Some question is made by the affidavits in support of the motion as to the correctness of the appraisement value, and of alleged representations by plaintiff's counsel as to the law on the subject of redemption. But the affidavits filed in resistance of this motion very clearly refute the

basis on which those questions rest. The plaintiff makes no objection to the setting aside of the sale so far as the homestead tract is concerned.

The judgment of the District Court is therefore

Affirmed.