### DAVIS v. SPAULDING.

1. **Appraisement law:** APPLIES TO SALES UNDER MORTGAGE. The statute providing for the appraisement of real estate sold under execution (Rev., §§ 3360-3373) applies as well to sales under special execution pursuant to foreclosure of mortgage, as to those under general execution.

2. —— ELECTION OF DEBTOR. While under section 3371 of the Revision the debtor may elect to have his lands sold subject to redemption, yet to entitle him to this right he must file written notice of his election with the clerk before levy of the execution is made. Notice after levy will not suffice.

3. —— IRREGULAR APPOINTMENT. That one of the appraisers was selected by the deputy sheriff will not affect the validity of the sale.

*Appeal from Scott District Court.*

TUESDAY, JUNE 17.

THE plaintiff's petition sets forth in substance, that plaintiff is the widow of M. C. Davis, and that he and plaintiff executed a mortgage upon certain land, in petition described, which said mortgage the defendant foreclosed in the district court at the May term, 1872. That special execution was issued and levied on said premises on June 4, 1872; and on the 14th of said month petitioner served the sheriff with a written notice, that she demanded that the premises be sold without appraisement, and subject to redemption. That on the 17th day of said month the said sheriff proceeded to have the premises appraised, and for that purpose the defendant chose one appraiser and the deputy sheriff chose one, and that on the 6th day of July, 1872, the sheriff sold said premises to Spaulding, the defendant, for $2,226, without regard to any right of redemption, and executed and delivered to said purchaser a sheriff's deed, purporting to convey the said premises to him absolutely.

That, soon after receiving said deed, said defendant brought suit in forcible entry and detainer against petitioner, and

Samuel Kauffman and August Standy, persons farming said premises, under authority of plaintiff, for the possession of said premises. That an order of removal from said premises was made by the justice trying said cause, and that defendant threatens to cause said order to be executed, whereby plaintiff will sustain irreparable injury.

Petitioner prays a decree declaring the sheriff's sale and deed void, and that a temporary injunction issue restraining defendant from enforcing said order in the forcible entry and detainer proceedings, and that in case the sale is not held void, that she be allowed to redeem therefrom.

The return upon the execution, which is made a part of the petition as an exhibit, shows that on the 4th day of June the levy was made, and the property was advertised for sale ; and that on the 5th day of June the sheriff notified the judgment debtors, in writing, of the levy and the time and place of sale.

That he caused the real estate to be appraised by two householders, one selected by Spaulding and the other by the deputy sheriff.

The defendant demurred to this petition on the ground that it does not state facts sufficient to constitute a cause of action.

Demurrer sustained. Plaintiff appeals.

*D. B. Nash* and *J. W. Thompson* for the appellant.

*Davison & True* for the appellee.

DAY, J. — I. The principal question involved in this record and presented by the appeal is, whether chapter 132 of Laws of the Eighth General Assembly (§§ 3360–3373 of the Revision of 1860), apply to the sale of land under a special execution, pursuant to a foreclosure of a mortgage.

1. APPRAISE-MENT LAW: applies to mortgage sales.

The statute providing for redemption of real estate sold on foreclosure of mortgage was passed April 2, 1860, and took effect April 13, and is as follows :

" That, in all cases when judgments or decrees are rendered

by any of the courts of this State upon a foreclosure of mortgages on real estate, the defendant's judgment creditors, and other creditors having liens on mortgaged premises, shall, in case of the sale of the mortgaged premises on execution, have the same time to redeem, and the same rights to redemption as in cases of sales on ordinary judgments at law, as provided for in chapter 110 of the Code, and all acts inconsistent with this act are hereby repealed." Rev., p. 873.

It had recently been held, in the case of *Kramer* v. *Rebman*, 9 Iowa, 114, that the provisions of chapter 110 of the Code of 1851 were not applicable to a sale of lands, under the foreclosure of a mortgage, and that in such case there could be no redemption. It was, doubtless, to remedy this defect, and to place the sale of lands under a foreclosure, upon exactly the same footing as sales under general executions, that chapter 103 of the Laws of the Eighth General Assembly (Revision, p. 873, above quoted), was passed.

And this purpose it accomplishes beyond any question, for it provides in specific terms that the same rights of redemption shall apply to both cases. The two kinds of sales thus having been placed upon the same footing and subjected to the same rules, the legislature afterward, at the same session, enacted the appraisement law, which in material respects changes chapter 110 of the Code of 1851. This statute was passed April 3, 1860, and took effect April 21, 1860.

Section 3360 is as follows: "That no goods, chattels, lands or tenements shall be sold on execution issued from any court, for less than two-thirds of the fair value thereof at the time of sale, exclusive of all liens, mortgages or incumbrances thereon, except as hereinafter provided."

Section 3372 provides that when real estate is sold after appraisement, the officer, on the payment of the purchase-money, shall execute to the purchaser a deed which shall convey all the interest on which the judgment operated as a lien, etc. Do these provisions apply to the sale of lands under the foreclosure of a mortgage? That they do we entertain no doubt. To hold otherwise would defeat the obvious purpose

which actuated the legislature of subjecting the two kinds of sales to the same incidents. The language is general and broad enough to include *any* sale. It provides that no goods, chattels, lands or tenements, shall be sold for less than two-thirds of the fair value thereof; and that when real estate is sold after appraisement, as provided by the act, the officer conducting the sale shall execute a deed. We know of no reason for limiting this language to sales under a general execution, especially as the legislature had just provided that lands sold under special execution should be redeemed in all respects as those sold under general execution. In the act respecting redemption of lands sold under mortgage foreclosure, reference is made to chapter 110 of the Code, because at that time that chapter contained all the provisions upon the subject of redemption from sales under execution.

When this chapter was amended by the appraisement law and a limitation upon the right of redemption was imposed, this limitation became general and applied to all sales, those under foreclosures of mortgages as well as those under general executions.

II. It is claimed that, if the appraisement law applies to this sale, the plaintiff indicated her election to have the property sold without appraisement and sub-
2. —— election of debtor. ject to redemption as the act prescribes. Section 3371 of said act is as follows: "It shall be lawful for any judgment debtor to have his real estate sold on execution, subject to redemption as is provided by law; and in case he so elects before a levy on the same by the officer having control of the writ, and files his notice in writing, of election with the clerk of the court issuing the writ, the officer shall proceed to sell subject to redemption, and shall execute to the purchaser a certificate of purchase." This section requires the election to be made and notice thereof in writing to be filed before the levy. In this case the levy was made on the 4th of June, and the judgment defendant was notified thereof on the 5th. Plaintiff served notice on the sheriff on the 14th day of June, of her demand that said

premises be sold subject to redemption, and without appraisement. This was not a compliance with the provisions of the statute. It is claimed that the notice was in time under the provisions of section 3361, which is as follows: " The officer to whom any such writ shall be delivered to be executed, shall, before sale, unless otherwise directed by the execution debtor, proceed to ascertain the fair value of such property." This section must be construed in connection with section 1371, before alluded to. If it should be held that the judgment debtor may, under section 3361, have his lands sold subject to redemption, by so directing the officer before sale or before appraisement, the provisions of section 3371, providing that he may have his land sold subject to redemption in case he so elects before levy, would be rendered altogether nugatory, as all its provisions and more would be covered by section 3361.

The meaning of this section must therefore be that the officer shall proceed to ascertain the value, unless otherwise directed by the execution debtor, as in the act prescribed.

That it does not extend the time for making the election is clearly inferable from *Gillett* v. *Edgar*, 22 Iowa, 293.

III. The fact that the return shows that one of the appraisers was selected by the deputy sheriff does not vitiate the sale. The most that can be said is that it is a mere irregularity, not affecting the power of the officer to sell, nor the validity of the title acquired by the purchaser. See *Hill* v. *Baker*, 32 Iowa, 302, and cases cited.

3. —— irregular appointment.

The judgment of the district court is

Affirmed.