## RIX & STAFFORD v. SILKNITTER.

1. **Attachment:** INVALID LEVY. To make a legal, valid levy upon personal property, the officer must do such acts as that, but for the protection of the writ, he would be liable in trespass. A levy under which the officer does not have actual control of the personal property levied upon, with power of removal, is invalid.

### Appeal from Appanoose Circuit Court.

### THURSDAY, DECEMBER 8.

THE plaintiffs allege that the defendant, as sheriff of Appanoose county, had in his hands for service an execution against Gilliam & Ogle, and that he took possession of and sold certain property in the petition described, without making any levy thereon.

The plaintiffs further allege that at the time of such seizure and sale they had a chattel mortgage upon said property, executed by H. S. Gilliam and B. A. Ogle, comprising the firm of Gilliam & Ogle, to secure an account amounting to $45.47, and a note amounting to $226.56, and that by reason of the wrongful acts of the defendant they are damaged in the sum of $290.

The cause was tried to the court and judgment was rendered for the defendant for costs. The plaintiffs appeal.

The facts are stated in the opinion.

*Vermilion & Vermilion*, for appellants.

*Baker & Shouls* and *Tannehill & Fee*, for appellee.

DAY, J.—The execution under which the defendant acted is in due form. The only question involved pertains to the sufficiency of the levy. The evidence is not contained in the abstract and the case must be determined upon the facts as found by the court.

The court submitted a finding of facts and of legal conclu-

sions substantially as follows: "That on the —— day of ——
1879, in company with M. H. Kirkham, of the firm of Drake
& Kirkham, execution plaintiffs, the defendant went to the
foundry of the execution defendants, which was at the time be-
ing invoiced to be turned over to the Centerville Foundry
Company; that the said Kirkham directed the defendant,
who was sheriff of Appanoose county, Iowa, and held the exe-
cution as sheriff aforesaid, to levy on the execution defendant's
property, situated in and about the foundry, including the pat-
terns in dispute; that the execution defendant, B. A. Ogle, of
said firm of Gilliam & Ogle, was present when the sheriff com-
menced to make such levy and was informed by the sheriff
that he had the writ, and that he levied on the property and
was proceeding to and was levying the writ while said defend-
ant was present, but the defendant left before the levying was
completed, directing one of his hands to assist him in handling
the property and examining it and turning his hand over to
the sheriff's direction; that the defendant undertook to levy
on all the patterns in said foundry, and belonging to said foun-
dry, which included a large number of patterns situated in a
building on the premises, but separated and distant from 50 to
100 feet from the main building, which was locked, the key in
the possession of the said Ogle aforesaid; that the sheriff did
not open this house and take actual possession of the patterns,
in this out building, but took possession and control of all the
other goods in and about the foundry mentioned in the return
on the writ, and assumed to take possession and control of the
patterns in the out building aforesaid, and that he then told
W. S. Johnson, a member of the company to whom the premi-
ses were being turned over and invoiced as aforesaid, who wrote
and took the acknowledgment of the mortgage of plaintiffs,
that he would not remove the patterns and the goods levied
upon, mentioning the same and including the patterns and all
the patterns belonging to the foundry, which included the
patterns in said out building, if he would hold the same and

be responsible for them, otherwise he would remove them. And the said Johnson agreed to be responsible for the same and they were accordingly left in his control and care.

That the actual possession of said out building was not at this time turned over to the said W. S. Johnson or the company of which he was a member, but he was in possession of the balance of the premises actually; that the patterns aforesaid were of the actual value of fifteen hundred dollars. That the aforesaid facts constitute a legal and valid levy upon all the property mentioned in said return, including the patterns situated in said out building; that on the same day but after the levy aforesaid, the said Gilliam & Ogle executed and duly acknowledged the chattel mortgage set forth in the pleading to secure the debt therein named, which remains wholly unpaid, and that there is due thereon the amount set forth therein, as evidenced by the note described therein, to-wit: the sum of ——— dollars, and the court finds said mortgage was duly filed, indexed and recorded on the day after the date thereof, as shown by the mortgage, and that the mortgagors on that day wrote the plaintiffs of the execution thereof at Keokuk, where they resided, and the plaintiffs replied thereto on the next day, when it was received, accepting the mortgage, but that all this, including the execution and recording of the mortgage, occured after the aforesaid levy; that the defendant never was in said out buildings where the patterns were stored as aforesaid and never handled the same until the day of the sale, and on that day the building was opened and the property exposed to sale by the sheriff and sold by him, but not disturbed or removed by him other than in causing the opening of the building for the purpose of examination and sale, and in selling the same."

The evidence is silent as to what W. S. Johnson did with the property while he held it for the sheriff. The court erred we think in holding that the facts found constituted a valid levy upon the property in controversy.

1. ATTACH-
MENT : in-
valid levy.

In order to make a legal and valid levy the officer must do such acts as that, but for the protection of the writ he would be liable in trespass therefor. Rorer on Judicial Sales, section 1003, and cases cited. *Quackenbush v. Henry* (Mich.), 9 Rep., p. 120; *Allen v. McCalla*, 25 Iowa, 464, and authorities cited. "The levy must be so made that it identifies or gives the means of identifying what is levied on, so that any property levied on may be made chargeable to the officer, and property not levied on cannot be subsequently claimed. It must be siezed manually or by assertion of control that may be made effectual, if necessary, and thus to bring and keep it within the dominion of the law for sale on execution, if needed and for no other purpose." *Quackenbush v. Henry*, 9 Rep., 120. "A mere paper levy is void. The officer should take actual possession, but removal of the goods is not absolutely necessary; yet there must be actual control and view of the property with power of removal." Rorer on Judicial sales, section 1002. See also section 1005, and *Haggerty v. Wilber*, 16 Johns, 287.

While the patterns remained locked up in the building, and the key continued in the possession of the owner they were not subject to the actual control of the officer, nor had he the power of removal. It is true the officer had the physical power to break open the building and assume control of the property. But in doing so he would of necessity materially change his situation respecting the property. Control and power of removal is a very different thing from the ability to assume control and the power of removal.

If the officer had been a mile away from the property, it could not be said that the property was under his control and subject to his power of removal, and yet he would have possessed the same physical power of putting himself in a condition to assume actual control and the power of removal as in the present case.

We feel that to hold a valid levy upon personal property may be made as was attempted in this case, would be adopt-

ing too loose a rule. We are asked to render such judgment here, upon the facts found, as the court below should have done. The amount due upon the chattel mortgage is not found, and hence we have no data for the rendition of final judgment. The cause must be remanded to the court below.

REVERSED.