## † DREW *versus* LIVERMORE.

A mortgagee of a vessel who gives an accountable receipt therefor, to an officer attaching it as the property of the mortgager, cannot avoid his liability, by showing that his claims exceeded the value of the vessel.

And in an action on such receipt he is precluded from showing any informality or invalidity in the attachment or judgment, while the latter is in force.

ON FACTS AGREED.

ASSUMPSIT, on an accountable receipt to deliver the vessel, "A. Houghton," within thirty days, &c.

One Cleland, built a barque at Robbinston, towards which the defendant made advances and became mortgagee.

The plaintiff, being a constable of Eastport, and having a writ Ross against Cleland, attached the barque as his property, when defendant gave this receipt, to the amount of $500.

In making the attachment, the plaintiff performed none of the things prescribed in c. 78, of Statutes of 1848, nor was he a sheriff or deputy.

Judgment was recovered in the suit against Cleland; execution issued, and the property demanded of defendant within thirty days after judgment.

The defendant, with the consent of Cleland, sold the vessel, but it did not bring enough to satisfy his claims.

The defendant also offered to prove, if such proof is admissible, that at the time the receipt was given, he denied the validity of the attachment, to the attorney causing it to be made, and signed it under the advice of counsel, that he would not thereby admit the validity of the attachment, but might contest it in this suit.

The Court were to render a judgment according to the

legal rights of the parties, upon the facts and the testimony offered, if admissible.

*Hayden,* for defendant.

1. The attachment might have been avoided by Livermore, or the officer sued in trespass, therefore he cannot recover on this receipt. The officer was not bound to make the attachment, and would not have been liable if he had not made it. The liability of the officer limits the liability of the receipter. *Fisher* v. *Bartlett,* 8 Maine, 122 ; 13 Mass. 224 ; *Sawyer* v. *Mason,* 19 Maine, 49 ; *Lathrop* v. *Cook,* 14 Maine, 414 ; *Robinson* v. *Mansfield,* 13 Pick. 144 ; *Webster* v. *Hooper,* 7 N. H. 596 ; *Whitney* v. *Farrell,* 10 N. H. 9.

2. There was no property in Cleland to attach, or if he had a right of redemption, the officer did not attach it. It was worthless as the event showed. R. S., 125, § § 32, 33 ; Laws of U. S. 28 July, 1850.

3. There was no lien on which Ross could attach. R. S., 125, § 35.

4. No lien attachment was made. Laws of 1848, c. 78, § § 1 & 2.

*Granger,* for plaintiff.

1. The defendant's contract was binding, as settled by these cases. *Sawyer* v. *Mason,* 19 Maine, 49 ; *Johns* v. *Church,* 12 Pick. 557 ; *Robinson* v. *Mansfield,* 13 Pick. 144 ; *Burseley* v. *Hamilton,* 15 Pick. 40 ; R. S., c. 117, § 40.

2. The evidence offered is inadmissible, either on the ground that it is immaterial, or that it is an attempt to vary or qualify a written contract by parol evidence. 3 Stark. Ev. 1007 ; *Whitney* v. *Lowell,* 23 Maine, 318 ; *Penobscot Boom Cor.* v. *Wilkins,* 27 Maine, 345 ; *Fisher* v. *Bartlett,* 8 Greenl. 122.

RICE, J. — This is assumpsit on an accountable receipt. The property described in the receipt was a vessel of which the defendant was mortgagee. It was attached as the property of the mortgager. The mortgage was of a date anterior to the attachment and receipt. The debt secured by

the mortgage to the defendant exceeded the sum for which the vessel was sold.

The defence to this action is, that the defendant was the owner of the property attached and receipted for by virtue of his mortgage.

It has been repeatedly decided that when property has been receipted for, as attached on a writ against a particular person, the receipter cannot defend an action brought against him for a refusal to deliver the property according to the terms of his receipt, on the ground that he was the owner of the property. He is estopped by the admissions in his receipt from setting up that defence in an action upon the receipt. *Johns* v. *Church*, 12 Pick. 557; *Robinson* v. *Mansfield*, 13 Pick. 144; *Burseley* v. *Hamilton*, 15 Pick. 40; *Sawyer* v. *Mason*, 19 Maine, 49; *Penobscot Boom Cor.* v. *Wilkins*, 27 Maine, 345.

The reason given for this rule, by WESTON, C. J., was, " for if he will suffer his own goods to be attached as the property of another in his presence, without interposing his claim, and will thereupon recognize the title of the debtor thereto, by an instrument under his hand, he should not be permitted afterwards, to avoid his liability as receipter, any more than he would be permitted to defeat a sale of his goods, which he sees made as the property of another, without notifying the purchaser of his own title."

But it is competent for a receipter, who does not claim to be the owner of the property, to show in defence, that it belonged to some person other than the one as whose it was attached. *Fisher* v. *Bartlett*, 8 Maine, 122.

In the case of *Lathrop* v. *Cook*, 14 Maine, 414, the receipter was permitted to set up his own title to the property receipted for, but it was on the ground, that the receipt in that case contained no admission that the property belonged to the original debtor.

The offer of the defendant to prove, that at the time this receipt was given he denied the validity of the attachment, could only be admitted to affect the question of damages;

not to qualify the terms of the receipt.  *Burseley* v. *Hamilton*, 15 Pick. 40.  He entered into a written contract, the terms of which are clear and explicit.  There is no suggestion that any fraud was practiced upon the defendant, nor that he acted under mistake of fact in relation to this matter.  By that contract he must be bound.  He voluntarily became the bailee of the officer, and cannot avoid his contract by showing informality or invalidity in the attachment or judgment, so long at least, as that judgment stands.  *Brown* v. *Atwell*, 31 Maine, 351.

The suit of *Ross* v. *Cleland*, does not appear to have been prosecuted as a lien claim; that fact, however, does not affect the rights of the parties in this case.

A default must be entered and judgment for the amount agreed by the parties.                    *Defendant defaulted.*