COMMERCIAL NATIONAL BANK, Appellee, v. FARMERS & TRADERS' NATIONAL BANK, Appellee; E. CLARK, Appellant.

E. CLARK, Appellant, v. FARMERS & TRADERS' NATIONAL BANK, Appellee.

Attachment of Corporate Stock: LEVY: NOTICE: PRIOR ASSIGNMENT. The levy of an attachment upon shares of stock in an incorporated company, of which no notice is served upon the attachment defendant as required by section 2967 of the Code of 1873, is void, and a sale thereof under execution upon a judgment rendered in such attachment proceedings will convey no title to the purchaser as against one claiming said stock under an assignment made prior to the date of the attachment, but without a transfer thereof upon the books of the company.

*Appeal from Mahaska District Court.*—HON. J. K. JOHNSON, Judge.

THURSDAY, FEBRUARY 5, 1891.

THESE are actions in chancery to restrain the sale and transfer of certain stock in the American Coal Company, a corporation existing under the laws of this state, and to settle the conflicting claims and title thereto of the respective parties. The cases were consolidated in the court below, and tried together, A decree was entered sustaining the title to the stock claimed by the Farmers & Traders' National Bank. The defendant, E. Clark, appeals.—*Reversed.*

*C. C. & C. L. Nourse* and *Seevers & Seevers,* for appellant : Section 1078 of the Code, in so far as the same relates to the transfer of shares in a corporation on its books, is solely for the benefit of the corporation, and for its protection only. *Black v. Zachari,* 3 How. 494 ; *Bank v. Lanier,* 11 Wall. 369 ; *McNiel v. Bank,* 46 N. Y. 325, 331 ; *Blowin v. Liquidators,* 30 La. Ann. 671 ; *Duke v. Navigation Co.,* 10 Ala. 82, 90 ; *Bank v. Richards,* 6 Mo. App. 454 ; *Boatman v. Abel,* 48 Mo. 186 ; *Moore v. Bank,* 52 Mo. 379 ; *Fraser v. Dell,* 11 S. C. 486 ; *Nat. Bank v. Bank,* 105 U. S. 217. An assignment of shares not entered on the books of the corporation vests in the assignee a title to the stock which is superior to that of an attaching creditor of the assignor who has no notice of the assignment. *Thurber v. Crump,* 86 Ky. 408 ; *Corrick v. Richards,* 3 Lea, 1 ; *Broadway Bank v. McElrath,* 13 N. J. Eq. 24 ; *Com. Bank v. Kortright,* 22 Wend. 348, 362 ; *Smith v. Coal Co.,* 7 Lansing, 317 ; *Cormean v. Oil Co.,* 3 Daly, 218 ; *Building Ass'n v. Sundmeyer,* 50 Pa. St. 67 ; *Finney's Appeal,* 59 Pa. St. 398 ; *Eby v. Guest,* 94 Pa. St. 160 ; *Smith v. Crescent City,* 30 La. Ann. 1378 ; *Seeligson v. Brown,* 61 Tex. 114 ; *Com. Nat. Bank v. Nat. Bank,* 7 Fed. Rep. 369 ; *Sibley v. Bank,* 133 Mass. 515 ; 2 Waterman on Corporations, 205 ; *Boston Music Hall v. Corey,*

129 Mass. 435 ; *Scott v. Bank,* 15 Fed. Rep. 594 ; *Conant v. Bank,* 1 Oh. St. 298 ; Cook on Stockholders, secs. 486 to 490 ; 1 Morawetz on Corporations, secs. 198 to 199 ; Coleridge on Collateral Securities, secs. 271 to 275 ; *Newberry v. Iron Co.,* 17 Mich. 140, 141, 157. An erroneous construction of this section 1078 of the Code was adopted in *Ft. Madison Lumber Co. v. Bank,* 71 Iowa, 270. Transfer of stock in national banks not in accord with the provisions of the by-laws, are by the federal courts held to be valid as against an attaching creditor or an assignee under insolvent laws. *Sibley v. Bank,* 133 Mass. 515. The statute does not forbid such a transfer. It must, therefore, be true, that as between the parties the transferee is vested with the absolute legal title to the stock. The person making the transfer leaving no interest when the stock is attached, the attaching creditor gets nothing. *Manny v. Adams,* 32 Iowa, 165 ; *Harshbarger v. Harshbarger,* 26 Iowa, 503 ; *Bacon v. Thompson,* 60 Iowa, 284 ; *Rogers v. Highland,* 69 Iowa, 504. The statute clearly means that the attachment and sale is not valid against a good-faith purchaser, and it has been so held in *Weston v. Bear River Co.,* 6 Cal. 425 ; *Winter v. Mining Co.,* 53 Cal. 429. In *Smith v. Am. Coal Co., supra,* the provision in the by-laws of the company was "no transfer of the stock shall be valid, unless made upon the books of the company," and in *Bank v. Kortright, supra,* the charter of the corporation provided that "no transfer shall be valid, unless such transfer shall have been registered in a book kept for that purpose by the directors," yet in both cases it was held an assignment of the certificate not so recorded was entitled to priority over a subsequent attaching creditor without notice. It was held in *Thurber v. Crump, supra,* that an unrecorded assignment of the certificate was entitled to priority over a subsequent attaching creditor without notice. The provision of the charter and statute in *Fisher v. Bank,* 71 Mass. 373, 380, was that "the stock of said bank shall be transferable *only* at its banking house on its books." There is no such provision in our statute,

and the validity of a transfer not so made is not by the
Massachusetts statute made valid between the parties.
The prior case of *Sargent v. Ins. Co.*, 25 Mass. 99, is
fully distinguished in the opinion in and so far as the
same is applicable to the case at bar. See also in
this connection *Boston Music Hall v. Corey, supra,* and
*Sibley v. Bank, supra.* In the following cases it is held
under a statute like ours in substance that an unre-
corded transfer was valid against all the world except
good-faith purchasers: *Colt v. Ives,* 31 Conn. 25, 34, 35;
*Weston v. Bear River Co.,* 5 Cal. 186; s. c., 6 Cal. 425;
*Parrott v. Bayers,* 40 Cal. 614; *Winter v. Mining Co.,*
53 Cal. 429. This court said in *Moore v. Walker,* 46
Iowa, 164, that section 1078 of the Code was "intended
as a protection to the company, and is designed to apply
only when the sale or transfer of the stock in some way
conflicts with the interests of the corporation." The
same remark was made by this court in *Farmers
& Merchants' Bank v. Wassen,* 48 Iowa, 336. The
attachment is invalid and void, because no notice was
served on the defendants in the action or either of them
that the stock had been attached. *First Nat. Bank
of Newton v. Bank,* 71 Iowa, 486; *Collier v. French,*
64 Iowa, 577.

*Blanchard & Preston* and *Wm. McNett,* for
appellee: *Ft. Madison Lumber Co. v. Bank,* 71 Iowa,
270, is decisive of this case. A transfer of corporation
stock is not valid as against attaching creditors of the
assignor without notice, unless the transfer is entered
on the books of the company as provided by section
1078 of the Code. *Ft. Madison Lumber Co. v. Bank,*
71 Iowa, 270; *Ryan v. Campbell,* 71 Iowa, 760; *Fisher v.
Bank,* 5 Gray, 373; *Skowhegan Bank v. Custer,* 49 Me.
315; *People's Bank v. Gridley,* 91 Ill. 457; *Sabin v.
Bank,* 21 Vt. 353; *Cheever v. Meyer,* 52 Vt. 66; *State
Ins. Co. v. Sax,* 2 Tenn. Ch. 507; *In re Application of
Murphy,* 51 Wis. 419; *In re Application of Murphy,*
8 N. W. Rep. 419; *Pinkerton v. Railroad,* 42 N. H.
424; *Northrop v. Turnpike Co.,* 3 Conn. 544; *Fisher v.*

*Carr*, 20 Me. 301; *Weston v. Bear River & C. Co.*, 5 Cal. 186; *Strout v. Natoma Co.*, 9 Cal. 186; *Nagles v. Wharf Co.*, 20 Cal. 329; *Farmers' Nat. Bank v. Wilson*, 58 Cal. 600; *Warren v. Mfg. Co.*, 52 Vt. 75; *Dutton v. Bank*, 13 Conn. 493; *Oxford Turnpike Co. v. Bunnell*, 6 Conn. 552; *Boyd v. Rockport*, 7 Gray, 406; *Newell v. Williston*, 138 Mass. 240; *Coleman v. Spencer*, 5 Black. 197; *State v. Bank*, 89 Ins. 302; *Topeka Mfg. Co. v. Hale*, 17 Pac. Rep. 601; *Richmond v. Irons*, 121 U. S. 27, 58; *Cent. Nat. Bank v. Williston*, 138 Mass. 244; 1 Morawetz, Corporations, sec. 199. The statute does not require that a notice be given the defendant that the stock has been attached. The proceedings specified in paragraph 1 are not required as to the kind of property named in paragraphs 3 or 4; that is, no notice is required. It has been so held as to paragraph 4. *Phillips v. Germon*, 43 Iowa, 101. Paragraph 3 is a law unto itself. This is the construction given by this court in *Moore v. Walker*, 46 Iowa, 164. The cases of *First Nat. Bank v. Bank*, 71 Iowa, 486; *Collier v. French*, 64 Iowa, 577, related to real estate, and can have no bearing on the question. If it be conceded that a notice of attachment was required and that none was given, this would not invalidate the sale, the debtor's remedy being against the sheriff. *Cowles v. Hardin*, 101 N. C. 388; *Wilkins v. Turtellott*, 28 Kan. 825; Waples on Attachment, pp. 181, 182; *Covender v. Smith*, 1 Iowa, 306; *Ayers v. Campbell*, 9 Iowa, 213; 1 McClain's Dig., pp. 772, 773. If such notice was required it will be conclusively presumed that it was given. Code, sec. 3669. Every legal presumption should be entertained that an officer has done his duty. *Cole v. Porter*, 4 Green, 510; *Goodrich v. Beauman*, 37 Iowa, 563; *In re Estate of Edwards*, 58 Iowa, 431; *Bud v. Durall*, 36 Iowa, 315; *Spitler v. Schofield*, 43 Iowa, 571.

BECK, C. J.—I. The controversy in this case involves the title and right to three hundred shares of stock of the American Coal Company, a corporation organized pursuant to the laws of this state. The facts,

briefly but sufficiently stated to present the questions in the case, are as follows: The Farmers & Traders' National Bank, defendant in each of the cases which are consolidated, claims title to the stock under sheriff's sale to it upon a judgment against H. W. McNeil, and another. The stock was owned by McNeil, and stood in his name on the books of the corporation. No question arises as to the validity of the judgment and regularity of the attachment on which the stock was seized, or of the execution upon which the stock was finally sold to the defendant. E. Clark, the plaintiff in one, and a defendant in the other, of the cases which were consolidated, claims right and title to the stock in question upon these facts: McNeil transferred the stock in question to the Commercial National Bank, the plaintiff in the first cause consolidated, as collateral security, and the bank transferred it to Clark. The first transfer was by an indorsement of the certificates of stock to the bank. This indorsement was filled up with the name of the receiver of the bank, and, after Clark purchased the stock, his name as assignee was inserted, and the receiver's name was erased. No transfer of the stock on the books of the coal company was made to Clark. The sheriff, upon making the sale of stock to the Farmers & Traders' Bank, entered upon the stub of the stock certificates, bound with other certificates in a book in the usual way, a transfer to the Farmers & Traders' National Bank. No notice was given to McNeil and the Oskaloosa Tanning Company, defendants in the judgment whereon the execution was issued, or either of them, of either the attachment or the execution. Other facts of the case need not be recited, as those stated present the controlling questions in the case in the view we take of it.

II. It is insisted by counsel for the Farmers & Traders' National Bank that, the transfer of the stock to the Commercial National Bank and to Clark not having been entered upon the books of the corporation issuing the stock, is not valid, except as between the parties, and cannot be set up against the Farmers & Traders'

National Bank. Counsel base this position upon Code, section 1078, as construed and applied by a prior decision of this court. *Ft. Madison Lumber Co. v. Bank*, 71 Iowa, 270. The correctness of the construction put upon the statute in this case is denied by Clark's counsel, who vigorously assail the decision. We see no reason to doubt its correctness, and do not feel called upon to defend it in this case. If the Farmers & Traders' National Bank had acquired a valid title under the attachment, judgment and execution, we think Clark could not, under the transfer to himself, defeat the title thus acquired by the bank. But if its title fails, then Clark can hold the stock, as there is no creditor or purchaser who can claim it, and the transfer is good as between himself and McNeil and the Commercial National Bank, the parties thereto.

III. We shall now inquire as to the validity of the title to the stock, set up by the Farmers & Traders' National Bank. As we have seen, the defendants in the attachment and execution were not notified of the levy of these writs. Code, section 2967, is in this language: "Stock or interest owned by the defendant in any company, and also debts due him, or property of his held by third persons, may be attached, and the mode of attachment must be as follows: *First*. By giving the defendant in the action, if found within the county, and also the person occupying or in possession of the property, if it be in the hands of a third person, notice of the attachment. *Second*. If the property is capable of manual delivery, the sheriff must take it into his custody, if it can be found. *Third*. Stock in a company is attached by notifying the president or other head of the company, or the secretary, cashier or other managing agent thereof, of the fact that the stock has been so attached. *Fourth*. Debts due the defendant, or property of his held by third persons, and which cannot be found, or the title to which is doubtful, are attached by garnishment thereof." Stock in a corporation is levied upon by execution in the same manner as prescribed for attaching it. Paragraph 1 of

the foregoing section is applicable to all property sub-
ject to attachment, and of course to levies upon stock
in a corporation. *First Nat. Bank v. Bank*, 71 Iowa,
486. It will be observed that paragraph 1, section 2967,
of the Code, above quoted, is general, and applies to
all classes and kinds of property. The other para-
graphs apply to the kinds of property expressed in
each. The ruling in *First Nat. Bank v. Bank, supra*,
applies the first paragraph to levies upon real estate.
There are stronger reasons for applying it to levies
upon corporation stock, which is intangible, and inca-
pable of manual delivery, and cannot be held in visible
possession, so that its seizure upon a writ would give
notice of a levy thereon. Under the doctrine of the
decisions of this court construing the section of the
Code above quoted, the Farmers & Traders' National
Bank acquired no title to the stock in question, for the
levy of the attachment and execution were void. It
cannot, therefore, set up its claim to defeat Clark's
title to the stock. *Moore v. Opera House Co.*, 81 Iowa,
45. Other questions discussed by counsel need not be
noticed. These considerations lead to the conclusion
that Clark's title to the stock ought to be established
and enforced.

The decree of the district court will be reversed,
and the cause will be remanded for a decree in harmony
with this opinion, or, at the option of Clark, such a
decree will be entered in this court. REVERSED.