BUCK-REINER COMPANY *et al.*, Appellants, v. H. McCOY *et al.*, Appellees.

**Attachment:** LEVY: OFFICER'S RETURN.    A writ of attachment against M. and L. was levied upon a stock of merchandise in the possession of L. as mortgagee, and returned as having been levied thereon as the property of L.    Subsequently the plaintiffs caused an attachment to be levied upon the same goods as the property of M., and in an action in equity, to which said first attaching creditors were made defendants, obtained a decree declaring the mortgage to L. invalid. *Held,* that the writ being against both M. and L., the lien of the first attachment was not divested by reason of the sheriff's return that the levy was made thereon as the property of L. alone.

*Appeal from Taylor District Court.*—HON. R. C. HENRY, Judge.

WEDNESDAY, MAY 25, 1892.

*James C. Davis* and *W. J. Roberts*, for appellants.

*Thos. L. Maxwell* and *G. B. Haddock*, for appellee L. M. Lord.    *Flick & Thomas*, for other appellees.

KINNE, J.—September 27, 1889, the defendant Lord sold to the defendant McCoy lots ten and eleven in block seven in the town of Gravity, Iowa, and a stock of goods contained in the building situated upon said lots.    The sale was evidenced by a written instrument, acknowledged, but not recorded.    The defendant

McCoy became indebted to the plaintiffs and to the defendants Works Bros. & Co., R. L. McDonald & Co., Englehart, Wimmig & Co., and A. N. Schuster & Co. Afterwards, and on December 17, 1889, in pursuance of the written agreement heretofore referred to, Lord demanded and received of McCoy a chattel mortgage on all his stock to secure the amount due him, and on the twenty-sixth of the same month Lord took possession of the stock under his mortgage, sold it at public auction, bidding it in for three thousand, five hundred dollars. While Lord, after his foreclosure, was selling the goods, the other defendants above mentioned brought suits against McCoy and Lord on their respective claims, and caused writs of attachment to issue against both Lord and McCoy, which writs were levied upon the goods then in Lord's possession. The levies were made February 7, 1890. April 10, 1890, the plaintiffs, in a suit against McCoy alone, attached the same goods. Afterwards the plaintiffs brought this suit in equity to set aside Lord's mortgage and the foreclosure had thereunder. The other creditors heretofore mentioned were made defendants. As the issues were finally found in that suit but one question was contested, viz., the priority of the attachments. Subsequently a receiver was appointed, who sold the attached goods and retained the proceeds for disposition, subject to the order of the court. December, 1890, the cause was tried, and the court found the issues as to the plaintiffs and defendant Lord in favor of the plaintiffs, and that Lord, as against them, had no interest in the attached property. Upon the issue as to the priority of the attachment liens as between the plaintiffs and the attaching defendants, the court found against the plaintiffs, holding that the attaching defendants had the prior liens, and taxed the plaintiffs with one-half of the costs. The last finding is the only thing now in controversy. The plaintiffs appeal.

This record shows that the attaching defendants sued both McCoy and Lord, and that in each case the writs issued against them both.    It is not disputed that these writs of attachment were levied on the goods long prior to the writs issued in the suits commenced by the plaintiffs; but it appears, in most of the cases, the return of the sheriff shows that he levied upon the goods as the property of Lord, and hence the appellants claim that the attachment defendants · took the property as Lord's, and as Lord has been adjudged, as against the plaintiffs, to have no interest in the goods superior to their claim by virtue of their writs, therefore the attaching defendants obtained nothing by their writs.    As these writs ran against both McCoy and Lord, and as, under them, the property in controversy was taken, the attaching defendants cannot be divested of their liens thereon, because the officer in his return states that he took the property as Lord's.    Under the attaching defendants' writs the sheriff took possession of the goods, and held them when the plaintiff's writs were levied thereon.    The writs of the defendants directed the sheriff to attach the property of both McCoy and Lord.    He levied on property to satisfy debts for the payment of which, so far as appears, both of them were liable.    Suppose the sheriff, under such writs, made a levy, and failed to state in his return that he had taken the property as the property of either of the defendants, what difference would it make if, in fact, it was the property of either of the defendants named in the writs?    Clearly, in such a case, the presumption would be that the officer had done his duty and levied upon the property called for by the writs.    Jurisdiction is acquired over the property by the levy.    If it is valid, a defective return could not invalidate the proceedings. Code, section 3010; *Rowan v. Lamb*, 4 G. Greene, 468.

We do not find it necessary to pass upon the motion submitted with the case.    The judgment of the district court will be AFFIRMED.