OF

## THE STATE OF IOWA

AT

### DES MOINES, OCTOBER TERM, A. D. 1895,

AND IN THE FORTY-NINTH YEAR OF THE STATE.

---

FREDERICK KLOTZ, Appellant, v. ORVILLE JAMES, Sheriff.*

**Evidence: Practice: HARMLESS ERROR.** Where plaintiff seeks to recover property because he bought it of an attachment defendant before it was attached, and it is one defense that the purchase was in bad faith and the jury so finds, it is harmless error to admit the return on the writ which tends to show that the attachment levy was defective. The rights of plaintiff do not depend on whether the levy was good or bad.

*Same.* And so of submitting the question whether the notice to release served, was sufficient.

CROSS-EXAMINATION. When the original owner gives evidence in an action involving fraud, which tends to show good faith in sale, it is proper to allow full cross-examination on all circumstances bearing on good faith.

*The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

IMPEACHMENT. The evidence of such a witness on supplemental examination may be used where the stenographer who took it testifies that he took his testimony correctly, that he reduced it to writing and that he could state the testimony as then given, and is then allowed to examine the notes and state the testimony.

COMPETENCY. It is not prejudicial error that testimony as to value is given by incompetent witnesses when an opportunity to cross-examine was given.

Objection Below. That a money judgment in replevin, includes property not taken under the writ, cannot be first urged on appeal.

Assignment of Error. That the court erred in rendering judgment for defendant, is too general.

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

THURSDAY, OCTOBER 17, 1895.

Action for the recovery of specific personal property. Judgment for defendant, and the plaintiff appealed.—*Affirmed.*

*C. A. Irwin* for appellant.

*Mack & Deland* and *A. D. Bailie* for appellee.

Granger, J.—I. The defendant is sheriff of Buena Vista county, and as such seized, by virtue of certain writs of attachment, a store building, stock of goods, and other personal property, as belonging to one Henry Boese. The plaintiff brings this action to recover the property, claiming to be the owner by virtue of a purchase thereof from Boese before the levy of the attachments. The answer puts in issue the validity of the sale, and avers it to be fraudulent, as to creditors. The plaintiff used Henry Boese as a witness to identify the bill of sale as signed by him, which is dated August 18, 1893; also, to show that he owned the goods up to the date of the sale to the plaintiff, and

that, when the defendant came to take the property by virtue of the writs of attachment, he told him that he had sold the property to the plaintiff.

On cross-examination the court permitted a full examination into the particulars of the transaction as bearing on its *bona fides*. We think that there was no error in the holding, in view of the evidence given on the direct examination. The effect of the direct examination was to show, or justify a conclusion by the jury, that there had been a valid or good-faith sale of the property. If so, it was proper, on cross-examination, to disclose the circumstances of the transaction, when fraud was pleaded.

II. The defendant offered in evidence the returns of the several writs by which he held the property. Plaintiff objected to the evidence for the reason that the returns did not show that notice had been served on the attachment defendant, or on any person in possession of the property. The same question was presented in other ways, by questions and offers to show that no such notice had been served. The returns were admitted in evidence, and the court denied a motion to strike the writs and returns from the evidence because of the want of such a notice. Plaintiff complains of the action of the court in this respect. Reliance is placed on Code, section 2967, which provides the mode of attachment, as follows: "By giving the defendant in the action, if found within the county, and also the person occupying or in possession of the property, if it be in the hands of a third person, notice of attachment." Reliance is also placed on authorities like the following: *Crawford v. Newell*, 23 Iowa, 453; *Phillips v. Germon*, 43 Iowa, 101; *First Nat. Bank of Newton v. Jasper County Bank*, 71 Iowa, 488 (32 N. W. Rep. 400); *Bank v. Kellog*, 81 Iowa, 124 (46 N. W. Rep. 859); *Commercial Nat. Bank v. Farmers' & Traders' Nat. Bank*, 82 Iowa, 198, (47 N. W. Rep.

1080). These authorities clearly sustain the rule that to constitute a valid levy, the requirement of the statute must be observed. But is the rule applicable to this case? The property was in the possession of the defendant by virtue of the attachments, whether legally so or otherwise. The plaintiff's claim to the possession is not because the possession of defendant was illegal, for want of a valid levy of the writs, but because he owned the property; and his right of recovery was as perfect and complete if the levy had been attended with a notice, as without it. His right of action is in no way based on a defective levy. The answer is in two divisions,—the first being based on the fact of the holding under the writs; and the second on allegations that the plaintiff is not the owner of the property, because of fraud in the attempted sale of it to him. The jury returned a special finding that the sale was fraudulent. That is a judicial determination that he does not own the property, and has no right to the possession. If plaintiff is not the owner, and hence has no interest in the property, he is in no position to question the validity of defendant's possession. If he is entitled to the possession of the property, it is because he owns it, and not because defendant's possession is illegal. It is for those who have rights in the property to question defendant's holding. As to the finding of fraud, it must have been the same, regardless of the rulings of the court as to the notice, for the fact of notice could in no way affect the conclusion as to fraud. Inasmuch as the plaintiff was entitled to the possession of the property, if he owned it,—that is, if the sale was valid,—regardless of the validity of the levy, we do not see how the question of its validity was material, under the issues presented in the second division of the answer. What might have been the situation without the second division of

the answer and the special finding, we need not con-
sider. The record makes it conclusive that the ruling
was without prejudice, if not technically correct.

III. Certain witnesses were used to prove the
value of the stock of goods and of the building. It is
urged that they were not shown competent; but
we think that, while in some cases the showing
of knowledge was meager, there was no prej-
udice, with an opportunity to cross-examine and show
the real value of the testimony.

IV. At an examination before Judge Thomas,
some time before the trial, Henry Boese was examined,
and his testimony was reduced to writing, in short-
hand, by Mrs. Wedgwood. Boese was also a witness
on the trial of this case, as we have before noticed, and
his testimony on both examinations was as to the sale
of this property. Mrs. Wedgwood was a wit-
ness in this case for the defendant, and after
testifying that she reduced the testimony of
Boese before Judge Thomas to writing, and stating
that she took the testimony correctly, and could state
his testimony as then given, she was permitted
against objections, to examine the notes and state his
testimony. The object was to contradict his state-
ments on the trial as to the consideration to him for
the transfer of the property to the plaintiff. It is
urged that a proper foundation was not laid to justify
the contradiction. This claim is likely based on
appellant's abstract. The abstract by appellee shows
that on the examination in this case the attention of
the witness was called to his former examination, so
as to warrant the contradiction.

V. A notice designed to comply with the require-
ments of section 1, chapter 45, Acts Twentieth General
Assembly, was served on the defendant prior to the
commencement of this action. The notice is in the
record, and also a stipulation, made during the trial,

that such a notice was served. The court submitted
to the jury the question of the sufficiency of the notice,
and the jury found specifically that it was not suffi-
cient. It is urged that it was error to submit such a
question—*First,* because no such question was pre-
sented by the pleadings; and, *second,* because if such
question was presented, it was one for the court. We
need not determine either question, because the service
of the notice was but a condition precedent to a
liability of the defendant sheriff. It had no other
purpose. In view of the finding that the sale
was fraudulent, had it been conceded on the trial that
the notice was sufficient, the result of the case must
have been the same. The admitted evidence had no
bearing whatever on the question of fraud, and the
result, as to the fraud, was not affected by the rulings.
The significance of the special finding of fraud in the
sale is such that there can be no reversible error in the
record unless error is involved in, or affects, the pro-
ceeding leading to the conclusion of fraud.

VI. After verdict the defendant elected to take
a money judgment for the value of his interest in the
property, which was the full value of the property.
The court entered judgment for six hundred and forty-
two dollars. A building which the jury assesses to be of
the value of one hundred and fifteen dollars is included
in this amount. The return of the coroner to the writ
of replevin shows that the building was not seized by
virtue of it. The building then remained in the pos-
session of the defendant. Appellant says that it was
error to enter judgment for the value of the
building, under such a state of facts. If it be
conceded that the position is correct, we do not
see that appellant can now take advantage of it. It
does not appear that this particular matter was called
to the attention of the court below, nor do we find an

exception to the judgment which followed the over-ruling of the motion for a new trial. After the over-ruling of such motion, there seemed to be no objection to the judgment as entered. It may further be said that no assignment of error is sufficiently specific to present the matter in this court. The general assignment that "the court erred in rendering judgment for the defendant" was directed to the entire judgment. It should point out the very error objected to, in as specific a way as the cause will allow. Code, section 3207.

There is a claim that some of the instructions are erroneous, but it seems to be based on appellant's abstract. The amendment by appellee so changes the record that the claim is not well founded. The judgment is *affirmed*.