Truman B. Hicks, Guardian, Appellant, v. Thomas J. Swan, Lewis J. Swan, Appellants, The Warren County Bank, Francis E. Hale, and H. A. Stierwalt, Sheriff.

Notice of Attachment Levy: construing of statute. Code, 2967, requires notice of levy to be given to defendant "if found within the county." In an amended return the sheriff stated, "no notice on defendant of levy, as he was not in Warren county, being a non-resident of Iowa." That attachment was levied on October 4, and defendant was in Warren county on October 11. *Held*, the statutes require the notice to be given when the levy is made, if the defendant is within the county, and his presence subsequent to that time, is not material. The return sufficiently shows all the search required, that defendant was not in the county, and that, therefore, notice to him was not required.

*Appeal from Warren District Court.*—Hon. A. W. Wilkinson, Judge.

Thursday, April 9, 1896.

December 2, 1892, plaintiff brought this action against Thomas J. Swan, to recover five thousand dollars, with interest, on a promissory note executed to plaintiff, October 3, 1890. Plaintiff caused an attachment to issue upon the ground that defendant, Thomas J. Swan, was a non-resident of the state, which attachment was levied upon one hundred and ten shares of the capital stock of the Warren County Bank, owned by said Swan. Said note shows that, at the time of its execution, fifty shares of said stock were deposited as collateral security. The Warren County Bank intervened, claiming a prior lien upon all of said stock, by virtue of the levy of a writ of attachment thereon, October 4, 1892, in an action against said Swan, and also by virtue of a certain provision in the by-laws of

the bank. In said action judgment was rendered
March 10, 1893, in favor of the bank, and against
Thomas J. Swan, for eight thousand, five hundred and
twenty-four dollars and sixty-six cents, and one
hundred and twenty-four dollars and twenty-four
cents attorney's fees, and special execution ordered.
The bank, by way of cross bill, alleges that
Thomas J. Swan is indebted to it upon other prom-
issory notes executed by him, and asks judgment
thereon for twenty-one thousand, three hundred and
fifty dollars, and that, under its by-laws, all of said
indebtedness be declared a first lien upon said one
hundred and ten shares of stock. Frances E. Hale
was made a defendant, and alleges that in January,
1893, she commenced an action, aided by attachment,
against Thomas J. Swan, to recover two thousand dol-
lars upon a promissory note, and that said attachment
was duly levied upon said stock, wherefore she claims
a prior lien. She also alleges that, long prior to any
of these proceedings, she became the equitable owner
of ten shares of said stock, of which the bank had
notice prior to the levy of its attachment; and that
demand had been made upon it for the transfer of
said ten shares on its books, which it refused to do,
wherefore she claims a prior lien on said ten shares.
Lewis J. Swan was also made a defendant, and alleges
and shows that on December 14, 1892, he recovered a
judgment against Thomas J. Swan; that he caused an
execution to issue thereon, which was duly levied on
said one hundred and ten shares of stock, of said four-
teenth day of December, 1892, wherefore he claims a
prior lien upon all of said stock. The Warren County
Bank caused a special execution to issue upon its judg-
ment for the sale of said stock. The plaintiff was
granted injunctions restraining the defendant, H. A.
Stierwalt, sheriff, from selling said stock under said
executions. The case was tried to the court, as in

equity, and decree entered establishing the liens of the claimants against the one hundred and ten shares of stock, as follows: The Warren County Bank, to a first lien under the levy of its attachment; plaintiff, to a second lien; Lewis J. Swan, third; and Frances E. Hale, to a fourth, on the one hundred shares upon which her attachment was levied. It was decreed that Frances E. Hale had not acquired any interest in the ten shares pledged to her as collateral; that the injunction be dissolved; that the stock be sold on execution under judgment in favor of the bank previously rendered for eight thousand, five hundred and twenty-four dollars and sixty-six cents, and the proceeds applied, first, to the payment of said judgment, and the balance, if any, to the claims of the other parties, in the order already stated. The injunction was dissolved, and judgment rendered in favor of the bank, on its cross petition against Thomas J. Swan, for twenty-three thousand, forty-eight dollars and seventy cents, in addition to the former judgment. Judgment was also entered against plaintiff and Frances E. Hale and Lewis J. Swan for costs. The plaintiff and the defendants, Thomas J. Swan and Lewis J. Swan, appeal.—*Affirmed*.

*Park & Odell* and *W. H. Berry* for appellants.

*H. McNeil, Gatch, Connor & Weaver*, and *Seevers & Seevers* for appellees.

Given, J.—I. There is no question, but that Thomas J. Swan was the owner of the one hundred and ten shares of stock, nor that he was indebted to the several parties, as alleged. The levies, other than that in favor of the bank, were made in the manner required, and their regularity is not seriously questioned. The plaintiff claims nothing by virtue of the

pledge of the fifty shares of stock to him, nor could he successfully do so, as the same was never transferred on the books of the bank, nor notice given to the bank of the pledge. The claim of Francis E. Hale, to the ten shares, was properly rejected, as there was not sufficient evidence to support the allegation that notice of the transfer had been given to the bank, and demand made, that the transfer be entered upon the books of the bank. No complaint is made against the order of priority, given in the decree, except to that given to the bank; and appellants join in claiming that the levy of the attachment in favor of the bank was not a valid levy, for the reason that no notice therefor was served upon the defendant, Thomas J. Swan, and therefore the bank acquired no lien under it. They also join in claiming that the bank had no lien upon the stock by virtue of its by-laws. These are the controlling questions in this case.

II.   Section 2967 of the Code, requires that notice of levies must be given the defendant "if found within the county, and also the person occupying or in possession of the property, if it be in the hands of a third person." The return on the attachment in favor of the bank, as first made, showed nothing as to notice to defendant of the levy, but during the progress of the trial of this case, it was amended by adding these words: "No notice on defendant of levy on stock, as he was not in Warren county, being a non-resident of Iowa." The facts are that Thomas J. Swan was a resident of Wyoming, and, having business interests in Warren county, made occasional visits to that county. He was in Warren county on October 11, 1892, and on that day accepted service of the original notice in said case of the bank against him, at the request of the attorney for the bank. He was there for about twenty-four hours, and then left the county. The

attachment was levied on the evening of the fourth day of October, 1892. Appellants contend that, to constitute a valid levy, notice thereof must be served on the defendant "if found within the county," whether he be a non-resident or not; that it is the duty of the sheriff to search for and to serve the defendant if found, and to make return of all his doings under the writ; that this return, even as amended, fails to show that any search was made or notice served, when the facts show that Mr. Swan was in the county. It may be conceded that notice must be served on the defendant "if found within the county," whether he is a resident or not, and that such notice, when the defendant is found within the county, is requisite to a valid levy. The time for serving such a notice is when the levy is made. This levy was made October 4, 1892, and there is no pretense that Mr. Swan was then in the county. It was not until October 11, that he came into the county, seven days after the levy was completely made, and it does not appear that his presence was then known to the sheriff. Taking the return as originally made, in connection with the fact that the attachment was sued out upon the ground of non-residence, the only inference that can be drawn is that defendant Swan was not served with notice of the levy, because not then found within the county. The sheriff had a right to amend his return according to the facts as they existed at the time of the levy. Appellants' levies must be held subordinate to these facts. The return, as amended, shows, we think, that all the search that diligence required, under the facts, was made; that Mr. Swan was not found within the county, and therefore notice to him of the levy was not required. We do not find that any of this stock was in the possession of W. H. Berry at the time this attachment was levied; therefore notice to him was not required. Our conclusion

upon this branch of the case, is that the bank is entitled to a first lien upon all the stock, by virtue of the levy of its writ of attachment, to the amount of its judgment rendered in that case.

III. The by-laws of the Warren County Bank contain the following: "The stock of the bank shall be assignable only on the books of the bank, subject to the restrictions and provisions of the act under which the bank is organized, and a transfer book shall be kept in which all assignments and transfers of stock shall be made. No transfer of stock shall be made without the consent of the board, by any stockholder who shall be liable to the bank, either as principal, debtor, or otherwise, and the bank shall have a lien upon all stock owned by any person as security for any indebtedness due the bank. Certificates of stock signed by the president and cashier shall be issued to stockholders upon the payment of the full value thereof." It is under this provision that the bank claimed to have a prior lien upon all the stock owned by Thomas J. Swan, to the full amount of his indebtedness. The district court held against the bank on this claim. The bank has not appealed, and is therefore not complaining of this ruling; and, as it is in favor of appellants, they do not complain. With this state of the record, we are not called upon to consider this question.

It follows from what we have said that the decree of the district court should be AFFIRMED.