THE CITIZENS NATIONAL BANK OF DES MOINES, IOWA,
v. GEORGE E. CONVERSE, *et al.*, Appellants.

**Attachments:** NOTICE OF LEVY. Notice of attachment, required by
Code, section 2967, to be served on defendant, may be served
within a reasonable time after the actual seizure of, or levy on
the property.

NOTICE TO THIRD PERSON. The taking possession of attached prop-
erty by the officer levying the attachment, is notice of the attach-
ment, to third persons.

LIEN: *Notice.* The levy of an attachment creates a lien on personal
property, which lasts until a reasonable time in which to notify
defendants of the levy, has expired.

SERVICE: *Levy.* An attachment is served, within Code, section 2969
(providing that property attached is bound from the service of
the attachment), at the time of the seizure, and not when the
notice thereof, required by section 2967, is given defendant.

*Appeal from Polk District Court.*—HON. THOMAS F.
STEVENSON, Judge.

THURSDAY, FEBRUARY 11, 1897.

ACTION in equity for the appointment of a receiver
of personal property, and to establish thereon a lien
in favor of the plaintiff. There was a hearing on the
merits, and a decree, from which the defendants Con-
verse, Curtiss, Colden, and Mary A. Buckley appeal.—
*Affirmed.*

*C. C. & C. L. Nourse* for appellants.

*Park & Odell* for appellee.

ROBINSON, J.—There is but little controversy in
regard to the facts involved in this case. On the
seventeenth day of February, 1894, the plaintiff com-
menced an action against the defendant, Converse, on

promissory notes to the amount of six thousand dollars, given by him. In aid of the action, a writ of attachment was issued and served by seizing thereunder a stock of merchandise owned by Converse, and at the same time notice of the levy was served upon Maggie Coughlin, who was employed in the storeroom. The levy thus made was, at the time, noted on the writ of attachment. Search was made for Converse, but he was not found until 5 o'clock in the afternoon, when notice of the levy was served upon him. On the same day, the defendant, Emerson & Co., commenced an action, aided by attachment, against Converse. The writ of attachment was served by levying it upon the stock of merchandise at four minutes before 2 o'clock in the afternoon. At the same time, notice of the levy was served upon Maggie Coughlin, and at a little after 5 o'clock the notice was served upon Converse. In the afternoon of the same day, Converse made to each of the defendants, Curtiss, Colden, and Mary A. Buckley, a mortgage upon the stock of merchandise attached, all of which were duly recorded after the property was seized under the writs, but before the notices of the seizure were served upon Converse. Three days later, this action was commenced for the appointment of a receiver for the attached property, and to have the interest acquired by the plaintiff, through its levy, adjudged to be paramount to the levy in favor of Emerson & Co., and the mortgages. Emerson & Co. have filed an answer and cross-petition, in which they ask that the lien acquired by their levy be adjudged to be paramount to the liens created by the mortgages. The mortgagees ask that their respective mortgages be adjudged to be senior to the liens of the attachments, and for other relief. A receiver was appointed, but no question in regard to him is made. Several persons we have not named were made parties

to the action, and are mentioned in the decree, but.are not concerned in this appeal. The district court adjudged that the lien of the plaintiff was senior to the liens held by the defendants, and that the lien of Emerson & Co., acquired by their attachment, was senior to the liens given by the mortgages. Of the mortgages, that in favor of Curtiss was found to be *first* in priority, that in favor of Colden, *second,* and that in favor of Mary A. Buckley, *third.*

The appellants contend that the levies involved in this case were not sufficient, because Converse was not served with notice of them until after the mortgages were recorded. Claims are made to the effect that the notice to Maggie Coughlin was sufficient, and that Converse purposely secreted himself to avoid service of the notices, but the evidence does not establish either claim. Only one question of importance is presented for our determination, and that may be stated as follows: When must notice of the seizure of property under a writ of attachment be given to the defendant in order to make the levy good as against a lien acquired in good faith after the seizure, but without actual notice of it? Section 2967 of the Code contains the following: "Stock or interest owned by the defendant in any company, and also debts due him, or property of his held by third persons, may be attached, and the mode of attachment must be as follows: (1) By giving the defendant in the action, if found within the county, and also the person occupying, or in possession of the property, if it be in the hands of a third person, notice of attachment. (2) If the property is capable of manual delivery, the sheriff must take it into his custody if it can be found." In *First National Bank of Newton v. Jasper County Bank,* 71 Iowa, 488 (32 N. W. Rep. 400), it was held that the section, and necessarily the portion of t which we have quoted, applied to levies upon all

property subject to attachment, and that notice to the defendant of a levy upon his real estate was necessary. That case was followed in *Bank v. Kellog*, 81 Iowa, 126 (46 N. W. Rep. 859), which also involved the attachment of real estate; in *Commercial National Bank v. Farmers & Traders National Bank*, 82 Iowa, 192 (47 N. W. Rep. 1080), which involved the attachment of corporation stock; and in *Hamilton v. Hartinger*, 96 Iowa, 7 (64 N. W. Rep. 593,) which involved the attachment of personal property. It was also said in the case last named, following *Moore v. Opera House Co.*, 81 Iowa, 46 (46 N. W. Rep. 750), that the notice must be in writing. In none of these cases, however, was the time when the notice should be given, as compared with the levy upon the property, considered. In *Hicks v. Swan*, 97 Iowa, 556 (66 N. W. Rep. 762), it was said that the time for serving the notice "is when the levy is made"; but it was not said that the notice must be given at the instant the levy was made, nor that the latter would be without effect until the notice should be served. Two things are essential to the attachment of personal property in the possession of the defendant, which is capable of manual delivery. It must be taken into the custody of the officer who serves the writ, and a written notice of attachment must be given the defendant if found within the county. It is clear that the notice is designed to be for the benefit of the defendant, while the taking of possession by the officer is notice of the attachment to third parties.

The primary object of the attachment is to acquire a lien upon the attached property, and hold it to await further proceedings against the attachment defendant, and, if necessary, to subject it to the payment of the judgment which is recovered against him. In the case of personal property capable of manual

delivery, the taking of the property into the possession of the officer is the act of first importance to acquire dominion over it, and place it within the jurisdiction of the court, and the lien thus acquired dates from the actual taking of the property, and not from the doing of some incidental act which may be necessary to perfect and preserve the lien.  1 Shinn, Attachment sections 10, 199, 200, 207. That the lien in such a case dates from the actual levy under the writ has frequently been held by this court. *Buck-Reiner Co. v. McCoy*, 85 Iowa, 579 (52 N. W. Rep. 514); *Boothby v. Brown*, 40 Iowa, 106; *Hannahs v. Felt*, 15 Iowa, 143; *Kuhn v. Graves*, 9 Iowa, 304; *Rowan v. Lamb*, 4 G. Greene, 476. So, it has been said with respect to personal property, of which possession may be taken, that "to constitute a valid, operative attachment levy, under the provision of the statute, the officer should do that which would amount to a change of possession, or something that would be equivalent to a claim of dominion, coupled with a power to exercise it." *Crawford v. Newell*, 23 Iowa, 456; *Rix v. Silknitter*, 57 Iowa, 264 (10 N. W. Rep. 653); *Bickler v. Kendall*, 66 Iowa, 706 (24 N. W. Rep. 518); *Hibbard v. Zenor*, 75 Iowa, 475 (39 N. W. Rep. 714).  It is true that none of the cases referred to decided the exact question involved in this case, but they make prominent the fact that the actual taking of the property under the writ is the act of chief importance to constitute a valid levy.  In many cases, it is impossible to notify the defendant at the moment his property is seized under the writ.  He may be in a distant part of the county, and his whereabouts may be unknown; and it cannot have been the legislative intent, that in such case the attaching creditor acquires no rights until notice of the levy is served, which are valid against subsequent creditors or grantees.  We cannot

conceive of any reason for such an interpretation of the statute, unless required by the language used. That does not state that the levy creates no right until notice thereof is given to the defendant, but that "notice of attachment must be given." In the absence of a more specific designation of the time when it must be given, it will be sufficient if given within a reasonable time, to be determined from all the circumstances of the case, and the levy will be effectual as a lien until the expiration of that time. Creditors have no right to complain of such a rule, and the defendant cannot be prejudiced by it. Section 2969 of the Code provides that "property attached otherwise than by garnishment, is bound thereby from the time of the service of the attachment only"; and it is claimed that the attachment is not served, within the meaning of that section, until the required notice is given, but, for reasons already stated, we do not think the claim is well founded. There is a service of the attachment when the levy is made, but the mere issuing of the writ, and the placing of it in the hands of an officer for service, do not create a lien. It appears in this case that the officer who served the plaintiff's writ, took actual possession of the property, upon which he levied at the time the levy was made, and thereafter held it, and made diligent effort to find Converse, to serve him with notice of the attachment, and that he was found, and notice was served upon him within four hours of the seizure of the property. That is also true of the officer who served the writ of Emerson & Co. In our opinion, that was sufficient to preserve the liens acquired by the levies. We conclude that the decree of the district court is correct, and it is AFFIRMED.