CHARLES D. FOSTER, Receiver of the NORTHERN INVESTMENT COMPANY, Appellant v. W. C. DAVENPORT, Sheriff, and A. L. STETSON.

**Attachment:** WRITTEN NOTICE TO ONE IN POSSESSION: *Waiver.* Under Code 1873, section 2967, providing that the mode of attachment shall be by giving defendant and the person in possession of the property notice of the attachment, written notice having been given the attachment defendant, written notice to the tenant is waived by his giving a written receipt for the property attached, and by actual verbal notice.

AMENDMENT OF RETURN. The facts connected with the levying of an attachment may be shown by the officer amending his return.

*Appeal from Woodbury District Court.*—HON. WILLIAM HUTCHINSON, Judge.

MONDAY, OCTOBER 16, 1899.

ACTION to recover possession of specific personal prop-
erty. The defendant sheriff claims the right to hold the
property under a writ of attachment and special execution
issued in a case wherein defendant Stetson was plaintiff and
the Northern Investment Company was defendant. There
was a trial to the court, a jury having been waived, resulting
in a judgment for defendants, and plaintiff appeals.—
*Affirmed.*

*William Milchrist* for appellant.

*Shull & Farnsworth* for appellees.

DEEMER, J.—Defendant Stetson commenced action
against the Northern Investment Company in the district
court of Woodbury county. His action was aided by attach-
ment. The writ was delivered to defendant Davenport, as
sheriff, who took the property in dispute into his possession,
inventoried it, and redelivered the same to one Towle, who
was in possession of the same as tenant, taking his written
receipt therefor. He also served written notice of the attach-
ment on the Northern Investment Company, and gave verbal
notice thereof to the tenant in possession, but did not serve
him with written notice. Towle was succeeded by other ten-
ants, and his successors also gave receipts for the property.
The main action was finally disposed of, resulting in a
judgment for Stetson, and special execution was ordered for
the sale of the attached property. In the meantime the
investment company went into the hands of a receiver, and
after the order for sale on execution the then receiver com-
menced this action to recover the attached property, based
on the ground that the levy was ineffectual for want of notice
to the tenant in possession.

When the writ issued, section 2967 of the Code of
1873 provided that the mode of attachment should be as fol-

lows: "By giving the defendant in the action, if found within the county, and also the person keeping or in possession of the property if it is in the hands of a third person, notice of the attachment." In construing this section we have uniformly held that the notice required must be given, in order to effectuate the levy. *First Nat. Bank v. Jasper County Bank* 71 Iowa, 486; *Bank v. Kellog,* 81 Iowa, 124; *Moore v. Opera-House Co.,* 81 Iowa, 45; *Commercial Nat. Bank v. Farmers & Traders Nat. Bank,* 82 Iowa, 192; *Bank v. Converse,* 101 Iowa, 307; *Hicks v. Swan,* 97 Iowa, 556; *Schoonover v. Osborne,* 108 Iowa, 453. This notice must be in writing. *Moore v. Opera-House Co., supra; Hamilton v. Hartinger,* 96 Iowa, 7; and *Bank v. Kellog, supra.* In the *Hamilton Case* it is held that a defendant in attachment may so acquiesce in the levy as to waive the written notice. And in *Lumber Co. v. Raymond,* 76 Iowa, 225, it is expressly held that the execution of a delivery bond by the attachment defendant is a waiver of any prior irregularity in the attachment proceedings. In the case at bar proper notice was given the attachment defendant, but no written notice was served on the tenant in possession. Notice to the tenant under such circumstances is not for the benefit of the defendant, although it may ordinarily be essential to complete the levy. Such notice is for the benefit of the party in possession, and, if the defendant may waive the notice required to be served upon him, we see no reason why the tenant or party in possession may not also waive. The tenant in this case had actual notice of the levy, and receipted for the property in writing. He is not, therefore, in position to dispute the validity of the levy. *Allen v. Butler,* 9 Vt. 122; *Jewett v. Torrey,* 11 Mass. 219; *Lyman v. Lyman,* 11 Mass. 317; *Morrison v. Blodgett,* 8 N. H. 238; *Drew v. Livermore,* 40 Me. 266. As the defendant is precluded by the execution of the receipt from questioning the levy, we are of opinion that the defendant in attachment (plaintiff in this case) can-

not rely on want of notice to the tenant to defeat it. The conduct of the tenant was such as to dispense with the notice, and the case is to be treated as if notice was in fact given. Defendant's answer recites the facts as to the levy, and pleads an estoppel and waiver, so that the question is properly raised by the pleadings. But, if this were not so, we do not think the ordinary rules requiring an estoppel to be pleaded obtain. It is not the attachment defendant who is estopped, but it is the conduct of the tenant which operates as a waiver of notice that makes the levy effectual.

II. Appellant further insists that parol evidence as to what was done by the officer in levying the attachment is inadmissible. *Chapman v. James,* 96 Iowa, 233, seems to hold that parol evidence is admissible in some cases to show what the officer did under the attachment. But whatever, may be the true rule in this respect, the record shows that the officer amended his return so as to show the facts, and that return was offered and received in evidence. That such proceedings were proper, see *Brown v. Petrie,* 86 Iowa, 583 ; *Hamilton v. Hartinger, supra.*

III. Further claim is made that defendant Stetson abandoned the levy. This claim has no support in the evidence, and is without merit. There is no error in the record, and the judgment is AFFIRMED.