## BROWN v. BUTTERS ET AL.

1. **Judicial Sale:** APPRAISEMENT. The sale of property on execution for less than two-thirds of its appraised value, exclusive of existing liens and incumbrances, is void.

2. ——: ——. In an action to set aside a sale, the petition failed to aver that it was made for less than two-thirds of the appraised value and the sheriff's return recited that the sale was for more: *Held*, that the sale complied with the requirements of the statute.

3. ——: IRREGULARITY IN. If the liens were ascertained by the sheriff when it was the duty of the appraisers, this fact would not invalidate a sale otherwise valid.

4. ——: ——. It is the policy of the law to uphold judicial sales, and they will not be held invalid for mere irregularities not affecting the power of the officer to sell.

*Appeal from Jasper Circuit Court.*

SATURDAY, JUNE 12.

THE plaintiff filed his petition in equity alleging that on the 28th day of July, 1869, Isaac Conard and Reuben C. Porter were the owners of certain real property, particularly described, which they held by warranty deed dated August 4th, 1866, and recorded in Jasper county, Iowa; that on the 19th day of December, 1872, said Conard and Porter conveyed said real property to the plaintiff by deed, duly recorded in said county; that prior to said conveyance to the plaintiff, to-wit: January 17th, 1871, the defendants, Weber & Co., obtained a judgment in the Circuit Court of Jasper county, Iowa, against said Conard and Porter, for the sum of one hundred and fifty-three dollars and ten cents, with costs of suit; that on the 29th day of February, 1872, an execution was issued on said judgment under which the sheriff of Jasper county levied upon said real estate and advertised the same for sale thereunder, on the 17th day of April, 1872; that prior to said sale, said property was duly appraised at the sum of two thousand dollars, but that notwithstanding such appraisement the same was sold by the sheriff, at the time the same

was advertised under said execution, for the sum of two hundred and ten dollars and twenty cents, to S. D. Butters, one of the execution plaintiffs, who thereupon took and still holds possession of said real property.

It is further alleged that on the 26th day of March, 1872, said S. D. Butters obtained a judgment in the District Court of Jasper county, against said Isaac Conard, for the sum of five hundred and twenty-one dollars and ninety-five cents, and costs of suit; that execution was issued on this judgment, and levied by the sheriff on the same real property, and upon which it was sold on the 29th day of May, 1872; that said property was duly appraised under this execution also at the sum of two thousand dollars, but was sold thereunder at five hundred and sixty-five dollars and fifty-three cents, and that this constitutes the only title Butters has to said property.

It is claimed that the sales made by the sheriff under the several executions are irregular and void, for the reason that said sales were made for less than two-thirds the appraised value of the property.

The executions and returns thereon showing the sales are made exhibits to, and part of the petition.

To this petition the defendants filed a demurrer which was sustained by the court, and the plaintiff refusing to amend, judgment was rendered dismissing his petition with costs, from which he appeals.

*Sankey & Howard*, for appellant.

*J. W. Deweese*, for appellees.

MILLER, CH. J.—I. The record shows that the judgments upon which the land in controversy was sold, were rendered against the plaintiff's grantors, and became liens prior to his purchase of the land. The only ground upon which it is sought to invalidate the sheriff's sales is because the land was sold on each execution for less than two-thirds the appraised value thereof. If the property of the judgment debtor is sold on execution, for less than two-thirds of the appraised value thereof, at the time of sale, exclusive of

1 JUDICIAL sale: appraisement.

all liens, mortgages or incumbrances thereon, the sale will be void. *Maple v. Nelson*, 31 Iowa, 322. In the record before us this is not shown. It is not averred in the petition that the land was sold for less than two-thirds of the appraisement, *exclusive of all prior liens*, nor does it so appear in the exhibits to the petition. On the contrary the returns of the sheriff on his executions recite that the bid on each execution, upon which the land was sold, was in each case more than two-thirds the appraised value of the property, after deducting prior liens and incumbrances. In the absence of an averment in the petition of the fact that the sales were made for less than two-thirds of the appraised value of the land, and in face of the recitals in the returns of the sheriff that each sale was made for *over* that amount, it will not be presumed that the sales were made in violation of the statute in this respect.

II. Counsel have ably discussed the question whether the amount of prior liens and incumbrances should be found by the appraisers when making the appraisement, or whether after the appraisers have fixed the whole value of the property without reference to prior liens, the sheriff may ascertain the amount thereof, and sell the property on his execution for such sum as, added to the prior liens, will be equal to two-thirds of the appraised value of the property. We are not called on to decide this question, in the state of the record before us. We may say, however, that if the liens should properly have been ascertained by the appraisers instead of the sheriff, (which we do not decide,) yet if this duty should be performed by the latter, and the sale in fact be made for more than two-thirds the appraised value of the property, exclusive of prior incumbrances, the sale would not be rendered invalid for the reason that the incumbrances were thus ascertained. It would be but a mere technical irregularity, working no prejudice to the defendant in execution. This irregularity does not affect the power of the officer to make the sale. The *manner* of arriving at the amount of the prior liens is not essential to the power of the officer to sell. The policy of the law is to uphold judicial sales, and they will not be held invalid for mere irregularities not

3. ——: irregularity in.

affecting the power of the sheriff to sell. *Hill v. Baker*, 32 Iowa, 302; *Davis v. Spalding*, 36 Iowa, 610; *Cavender v. Heirs of Smith*, 1 Iowa, 306, and cases cited in note *c* to Cole's Ed.

The demurrer was properly sustained, and the judgment must be

AFFIRMED.