W. C. BROWN, Appellee, v. JOHN PETRIE, Appellant.

Partition Fences: PROCEEDINGS OF FENCE VIEWERS: NOTICE: SERVICE.
   Where there was substituted service of the notice of proceedings
   before the trustees of a township in relation to the maintenanc of a
   partition fence, and the defendant afterwards recognized the validity
   of the award of the board by building a part of the fence apportioned
   to him, *held*, in an action upon said award to recover for a part of
   said fence built by the plaintiff, that the defendant could not attack
   said award upon the ground of the invalidity of the service of the
   notice, without showing that he had no knowledge of the proceedings
   before the trustees.

*Appeal from Hardin District Court.*—HON. S. M.
WEAVER, Judge.

MONDAY, OCTOBER 24, 1892.

THIS action was brought before a justice of the
peace to recover the amount of an award made by
township trustees acting as fence viewers, in the matter
of the alleged failure of the defendant to erect that
part of a partition fence set apart to him on the line of
the lands owned by the plaintiff and the defendant.
A trial was had before the justice of the peace, which

resulted in a judgment for the plaintiff. The defendant removed the cause to the district court by a writ of error, where the judgment of the justice of the peace was affirmed. The defendant appeals.—*Affirmed.*

*J. H. Scales*, for appellant.

*F. M. Williams*, for appellee.

ROTHROCK, J.—The case involves less than one hundred dollars, and comes to this court by a certificate of the the trial judge. We have examined the certificate and the abstract, so far as is necessary to determine whether the questions certified are really involved in this case, and are in very great doubt whether the appeal should be entertained, because there are facts in the abstract which, in our opinion, practically dispose of the case against the defendant. We will not set out the certificate, but will proceed to make a plain statement of the facts as they appear without dispute.

There was contention about the erection of the line fence; at least the plaintiff commenced proceedings before the board of trustees to divide or apportion the maintenance of a fence on the line between the land of the parties. A day was fixed to transact this business by the board, and a written notice of the meeting of the trustees, addressed to the defendant, was left at his residence with his wife, and the said notice was read to her. The defendant did not appear or resist the proceedings, and the fence viewers made an order requiring the defendant to build the part of the fence assigned to him. This order was not complied with, and the plaintiff commenced the erection of the defendant's part of the fence. The defendant then gave his attention to the matter and completed the fence, and this action was brought to recover for the part erected by the plaintiff, and for the costs

made by the fence viewers.

When the parties appeared before the justice of the peace, the plaintiff was permitted to amend the return on the notice to the defendant by showing that the defendant was not found in the county, and that his wife was a member of his family, over fourteen years of age. Objection was made to this by the defendant, and that ruling is one of the questions certified for our decision. It is the plain question of the right to amend a return of service according to the facts, which we think has never been denied in any court. We do not think counsel deny that right, but it is claimed that the amendment did not make - the notice sufficient to give the township trustees jurisdiction of the defendant. The service, as amended, conforms to the requirements for service of an original notice in an action. But it is claimed that such a service is not sufficient, because section 1490 of the Code, which authorizes the proceeding, requires that before action is taken by the fence viewers there must be "due notice to each party." The record is silent as to whether the defendant was informed by his wife that the notice had been left with and read to her. We think that, as the defendant in no manner questioned the award, but complied with it by building all of his part of the fence, except the small part of it erected by the plaintiff, he should not be heard to question the jurisdiction when suit is brought on the award. It is not a direct attack upon the award, and we incline to think that jurisdiction to make the award should not be the subject of collateral attack, because it is in a certain sense an adjudication of the rights of the parties. However that may be, we think that in the action before the justice of the peace the defendant had no right to interpose a defense without showing that he had no knowledge of the proceeding by reason of the notice not having been served on him

personally. Instead of making any such showing, it appeared that he had acquiesced in the order so far as to build the principal part of the fence in compliance with the order and finding of the fence viewers. These views dispose of the case upon its merits, and lead to an affirmance of the judgment. AFFIRMED.