GEORGE W. BORDEN v. T. G. ISHERWOOD, Appellant.

Agency: COMMISSIONS: SECONDARY EVIDENCE. In an action partially based on three letters, two of which defendant admitted in his answer, and his testimony as to the contents of the third was substantially as set out in the petition, the fact that the court permitted evidence of their contents without a formal notice to produce was harmless error.

Oral Agreement: EVIDENCE OF. In an action for commissions for the sale of land it is not error to permit evidence of what took place at a public sale of the land, at which time it was alleged the parties made the oral agreement sued on.

Assignment of Error: INSUFFICIENCY OF. An assignment of error that the court erred in refusing to read, and in reading instructions asked and refused, is not sufficiently specific to be considered.

*Appeal from Linn District Court.*—HON. W. G. THOMPSON, Judge.

MONDAY, MAY 25, 1903.

ACTION to recover a commission for the sale of land. Verdict and judgment for the plaintiff. The defendant appeals. — *Affirmed.*

*Farber & Johnson* for appellant.

*Chas. W. Kepler* for appellee.

SHERWIN, J.—In his petition the plaintiff alleges an oral agreement to sell the defendant's land, and that the terms of the sale finally made by him were arranged by letters between them. He sets out what he claims to have been the substance of the letters written to the defendant by him, stating also that neither the originals nor copies thereof were in his possession, and the defendant's letters to him in full. The petition was filed in October, 1900, and the trial had in August, 1901. In his answer the defendant admits receiving letters from the plaintiff of the number and date stated in the petition, and practically admits the contents of the first two, but denies the alleged contents of the third. No formal notice was served on the

1. SECONDARY    defendant requiring him to produce any of
   evidence.    the letters written to him by the plaintiff,
nor was it shown that the letters were lost or destroyed, the defendant testifying that he had not looked for them, and did not know whether they were in existence or not. Oral testimony of the contents of the letters was then received. The action being founded at least partly upon the letters which passed between the parties, and the petition alleging the defendant's possession of the letters written to him, it would seem to be unnecessary to give a more formal or direct notice for their production at the trial. See Stephen's Digest of Evidence, 141; 2 Phillips, Evidence, 373; *Lawson v. Bachman*, 81 N. Y. 616; *Morrill v. B. & M. R. Co.*, 58 N. H. 68. But we need not determine this question definitely, for, if it be conceded that

there was error in the ruling, we are of the opinion that it was without prejudice, because of the testimony of the defendant as to the last letter, he giving its contents substantially as stated by the plaintiff.

There was no error in admitting testimony as to what took place at the attempted public sale of the 2. ORAL agree- same land, at which time it is alleged ment: evi-dence of. the parties hereto made the oral agreement pleaded.

The question asked the witness Louis Maybauer, covered by the ninth assignment of error, was incompetent, because it clearly called for a conclusion. Nor was there prejudicial error in the ruling complained of in the tenth assignment. The eleventh assignment, to which we are referred in argument, covers a part of the testimony on three pages of the abstract. Neither in the argument nor in the assignment are any specific rulings complained of, and, as a whole, we think them without prejudice.

The assignment of error covering the instructions given is challenged for insufficiency. It states that the court erred in refusing to read and in reading instructions 3. ASSIGNMENT asked and refused. This is not sufficient, of error: insufficiency under section 4136 of the Code. *Huss v.* of. *Chicago G. W. Ry. Co.*, 113 Iowa, 343; *Fitch v. Traction Co.*, 116 Iowa, 716; *Nordine v. Rosengreen*, (Iowa), 89 N. W. Rep. 103.

The judgment is AFFIRMED.