GEORGE W. CABLE COMPANY, Appellee, v. W. W. ISRAEL et al., Appellants.

**EXECUTION: Levy—Technical Insufficiency—Waiver—Partnership Property.** A technically insufficient levy of execution may be entirely valid and enforceable against the judgment defendant and those acquiring rights under him with knowledge of the facts. So held where the officer, in attempting to levy on the individual interest of a partner in partnership property, did not actually take possession of the partnership property and inventory the same, but, at the request of all the partners, accepted an inventory made by the partners. (Sec. 3977, Code, 1897.)

*Appeal from Jefferson District Court.*—F. M. HUNTER, Judge.

FRIDAY, SEPTEMBER 29, 1916.

ACTION in equity for the appointment of a receiver for a certain stock of goods and for other relief. There was a decree as prayed, and the defendants, except W. W. Israel, appeal. The material facts are stated in the opinion.— *Affirmed.*

*Parsons & Mills* and *Thoma & Thoma,* for appellants.

*Starr & Jordan,* for appellee.

WEAVER, J.—On October 4, 1907, in an action then pending in the district court of Jefferson County, the plaintiff

herein recovered a money judgment against W. W. Israel.

Several years later, the judgment defendant,
Israel, became a partner with H. E. Eaton
for carrying on a retail business in the drug
trade at Fairfield in said county. The stock

EXECUTION:
levy: technical
insufficiency:
waiver: part-
nership property.

acquired by the firm was estimated at the value of $6,000, and
Israel's interest in the partnership was a one-sixth part. On
December 31, 1915, an execution having been issued upon the
above mentioned judgment, it was placed in the hands of the
sheriff, who levied, or attempted to levy, the same upon
Israel's interest in the partnership business. The evidence
tends to show that, armed with the writ, the sheriff went to
the store where the goods were kept, found Israel in charge,
and notified him of the levy and of the necessity under the
statute for the officer to take possession long enough to make an
inventory and appraisement of the goods. Israel not wishing
to have the store closed for that purpose, it was then agreed
between him and the officer that the former should himself
make the inventory, or produce one which had previously
been made, and the sheriff thereupon refrained from closing
the store for such time as might be necessary for Israel to
comply with his agreement respecting the invoice. Shortly
afterward, the sheriff saw Eaton in the store and told him
what had been done, and an understanding was arrived at
between them, substantially the same as had been had with
Israel, that the inventory should be made or obtained, or that
one already made should be produced, and thus obviate the
necessity of closing the store. It appears that, at the time of
this transaction, a suit in equity was already pending between
Eaton and Israel for a dissolution of the partnership, and
thereafter, and immediately after the action taken by the
sheriff as above noted, Eaton and Israel settled the contro-
versy involved in such suit, and Eaton paid Israel $500, in
consideration of which the latter assigned to him all his
interest in the partnership and retired therefrom. Having
acquired all the business and assets of the firm, Eaton imme-

diately sold a part interest therein to the defendants, Gaumer Brothers, and, having thus eliminated Israel from the partnership, Eaton and Gaumer Brothers deny that the sheriff ever made a valid levy upon Israel's partnership interest, and furthermore say that the liability of Israel upon the debts of the firm was much in excess of the value of his interest therein, leaving nothing against which the execution could be enforced. Thereafter, this action was begun in equity to enforce the lien claimed to have been acquired by the levy of the execution.

The trial court, having heard the evidence, found that the levy made by the sheriff was valid and enforceable, and that whatever right or interest appellants acquired in the goods after said levy, was subject thereto. It further found that the value of Israel's interest in the property, after making all due allowances, was in excess of the sum necessary to satisfy the execution, and directed the sheriff, acting under appointment as receiver, to proceed to sell enough of the property levied upon to pay the plaintiff's judgment, interest and costs.

We think the decree is correct. It is quite possible that, if this were a dispute between rival judgment creditors, each claiming a priority of lien, the levy of plaintiff's execution might be found ineffective as against a subsequent levy by the other party, made in a more literal compliance with the statute. But as against the judgment debtor and those acquiring rights under him with knowledge of the facts, the omission of a statutory formality does not necessarily or in all cases invalidate a levy. Under our statute (Section 3977, Code, 1897), an officer desiring to levy an execution upon a partner's interest in partnership property is not authorized to seize or exercise any dominion over such property, except such as may be necessary to secure a proper inventory and appraisement. This being done, the lien acquired by such levy is to be enforced by equitable action in court. Code Section 3978. If, when an officer armed with the proper writ goes to the place of partnership business for the purpose

of making such levy, with authority to take temporary possession of the goods, he is met with a request not to lock the store and interrupt the business, but to accept an inventory to be made by the parties themselves, and he consents thereto and gives time for such purpose, there is no good or sound reason why, as against the partnership, the levy should not be held valid and enforceable. It is competent for the parties to accept and treat as valid a technically insufficient levy, and thereby waive any right to complain of want of due form in the acts of the officer. *Hamilton v. Hartinger,* 96 Iowa 7; *Doe v. Sledge,* 13 N. C. 359; *Keel v. Larkin,* 72 Ala. 493.

What might be the effect as between the execution plaintiff in such case and a claimant under a levy of a junior execution is a question not now before us. It certainly is not competent for defendants to impeach the levy in this case for the officer's failure to make an inventory, which omission was made at their request and upon their promise to supply it. Nor is Eaton, the partner and purchaser from Israel, in any position to complain that Israel's interest in the partnership property should be subjected to the payment of partnership debts; for it appears from his own showing that, after this levy was made, and with full knowledge of all the circumstances, including the pending levy of plaintiff's execution, he, Eaton himself, purchased Israel's interest, and in consideration thereof paid him a sum of money more than sufficient to have satisfied the judgment debt. We think, too, that the trial court would have been justified in finding from Eaton's own statement of his settlement with Israel that he (Eaton) undertook the payment of the partnership debts as a part of the consideration for Israel's retirement from the firm. These debts he claims to have paid, but in so doing, has simply paid the agreed consideration for the purchase of Israel's interest in the partnership subject to the levy. He took his chances of defeating the levy if he could, but, failing in this, he acquires no right as a partnership creditor. Moreover, the trial court could properly have found from the evi-

dence that the value of Israel's interest, after charging it with the payment of the partnership debts, was sufficient to pay the judgment debt to plaintiff, which aggregated but little more than $100.

The decree below is therefore—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.