FIRST NATIONAL BANK OF MANILLA, Appellant, v. F. E. SCHRAM, et al., Appellees.

**ATTACHMENT: Levy—Sufficiency.** A sufficient levy is made by the act
1   of the officer in invoicing the property and leaving it in the possession of his agent. (See Book of Anno., Vol. 1, Sec. 12102.)

**TRIAL: Instructions—Unallowable Assumption of Fact.** The court
2   may not assume as a fact that a bill of sale was intended to convey title and not to act as a mortgage, such matter being in issue.

**TRIAL: Instructions—Failure to Submit Issue—Harmless Error.** Failure
3   to submit an issue of partnership is harmless when such failure does not change the result, especially when the evidence supporting the issue is indefinite.

Headnote 1: 6 C. J. pp. 228, 229. Headnote 2: 38 Cyc. p. 1657. Headnote 3: 38 Cyc. p. 1640.

Headnote 1: 17 R. C. L. 179. Headnote 2: 14 R. C. L. 738.

*Appeal from Crawford District Court.*—R. L. McCORD, Judge.

DECEMBER 14, 1926.

Action upon four promissory notes, aided by attachment upon certain grain and live stock of the defendants'. The defendants filed counterclaim for damages on account of the alleged wrongful suing out of the attachment. Verdict and judgment in favor of the defendants upon the counterclaim, and plaintiff appeals.—*Affirmed on condition.*

*W. S. Moore* and *Sims & Page,* for appellant.

*L. W. Powers,* for appellees.

STEVENS, J.—I. Two of the notes in suit, for $284 and $1,600, respectively, were executed by F. E. Schram to appellant. The other two notes, for $876 and $900, respectively, were signed by F. E. Schram, and either indorsed or signed jointly by Mrs. F. G. McCuen. The latter notes were payable to F. G. McCuen, and were held by appellant merely for collection. The execution of the notes was admitted by F. E. Schram. Appellees also filed separate counterclaims, asking both actual and punitive damages upon the attachment bond. After the commencement of the action and before the trial, the notes were reduced to $227, which was the amount in controversy when the case was submitted to the jury. A verdict was returned in favor of F. E. Schram for $608.51, and in favor of the defendant D. E. Schram in the sum of $750 on the counterclaim.

Appellant complains of the submission of the counterclaims to the jury. The complaint is bottomed upon appellant's contention that the evidence conclusively showed that no valid levy of the writ upon the property is shown, and that, if a valid levy was, in fact, made, the levy was at once abandoned, without resulting damage to either of appellees. It is conceded that an attachment bond was filed, writ issued, and notice of a purported levy served upon appellees. The record also shows the return of the sheriff, which certifies that he levied the writ upon the property described in the notice attached thereto. The property included corn in the

1. ATTACHMENT: levy: sufficiency.

field, hay in the mow and stack, a quantity of oats, some horses, cattle, and hogs. The sheriff did not take physical possession of the property, nor did he cause it to be segregated on the premises or removed therefrom. He did take an invoice thereof, all of which was pointed out to him by F. E. Schram, in whose custody the property was left. F. E. Schram gave the sheriff a receipt for the property, the final sentence of which was as follows:

"And I hereby agree to preserve and to hold said property and deliver the same to said sheriff upon demand."

Three days after the notice of the levy was served upon appellees, they executed a bill of sale, conveying all of the attached property to one Edwin T. Poole, a friend of the Schrams', and an occasional boarder at their house. The consideration expressed in the bill of sale is $10,000. Prior to the execution of the bill of sale, appellees had given a chattel mortgage on the same property to Poole, to secure an alleged indebtedness of $10,000. Whether or not the failure of the sheriff to assume custody and control of the property rendered the attempted levy ineffectual, it is contended by appellees that it was binding upon appellant, and cannot be made the basis for a defense to the counterclaims. The levy appears to have been treated as valid by the parties, but was possibly abandoned by appellant. Appellees testified that the bill of sale was intended as a mortgage only, and that title to the property did not pass to Poole. The point is ruled by *Lee County Sav. Bank v. Snodgrass Bros.*, 182 Iowa 1387. The facts of the *Lee County Sav. Bank* case, in which the levy was sustained, are very similar to the facts of the case before us. See, also, *Hamilton Bros. v. Hartinger*, 96 Iowa 7, and *Cable Co. v. Israel*, 177 Iowa 579.

One of the points urged by appellant is that neither of appellees suffered any damages. The cattle levied on were the property of D. E. Schram personally. They were pure-bred, and sold for breeding purposes. She claims that she was prevented by the attachment from making seasonable sales thereof. The evidence tending to establish damages in favor of either appellee is not very persuasive. The manner in which they dealt with their property has in it some features that open the transaction with Poole to suspicion. No very substantial damages were suffered. We cannot, however, say that no damages whatever resulted from the wrongful levy of the attachment. Upon this

point we have concluded that, if D. E. Schram will remit all of the judgment in her favor over $350, and F. E. Schram all over $250, within 30 days from the filing of this opinion, the judgment thus modified may stand. Otherwise, both judgments will stand reversed,—each party to pay their own costs in this court.

II. Complaint is also made of the seventh and eleventh instructions given by the court to the jury on its own motion. The exception urged to the seventh instruction is that it contained numerous propositions, and tended to confuse and mislead the jury. The instruction is not, perhaps, as clear as it might have been, but we cannot perceive how the jury could have been misled thereby to the prejudice of appellant.

The court in the eleventh instruction told the jury that, if appellees, in the execution of the bill of sale, intended to convey title to the property, then no damages should be awarded. But the court left it to the jury to say what the intention was. It would have been error for the court to have peremptorily instructed the jury that the instrument was a bill of sale, and thereby have withdrawn the issue of damages from their consideration. No doubt, the jury might well have found in favor of appellant on this issue, but this is immaterial, as its verdict is binding upon this court.

2. TRIAL: instructions: unallowable assumption of fact.

III. D. E. Schram, whose signature did not appear upon any of the notes, was made a defendant, upon the theory that she and her husband, who were joint owners of the farm on which they resided, were partners in the stock business, and that the proceeds of the notes, which was money borrowed, went into the partnership business, to pay the debts of the farm, or was used for the benefit thereof. It is conceded that some of the money was used to pay taxes on the farm and to pay other obligations for which appellees were jointly liable. The court withdrew the partnership issue from the jury, and this ruling is assigned as error. In the first place, no evidence was introduced from which the jury could have determined what part of the borrowed money was used by F. E. Schram in his own business, or the amount expended for the benefit of the partnership. D. E. Schram did not sign the notes, and the use of some of the money for the benefit of the partnership was apparently incidental to the main

3. TRIAL: instructions: failure to submit issue: harmless error.

purpose for which it was borrowed. She was not liable, on any theory, for the part of the loan used by F. E. Schram in his separate business. D. E. Schram owned the cattle, and F. E. Schram the hogs. Their respective interests therein were kept separate, and each paid his or her own obligations. In the second place, there was no controversy as to the balance due appellant. The verdict of the jury wiped out this balance, and found in appellees' favor on their counterclaims. The submission of the partnership issue to the jury could not have changed the result. The ruling complained of was, therefore, without prejudice. The jury was bound by the court's instructions to find that F. E. Schram was indebted to appellant in the sum of $227.49. A finding that D. E. Schram was equally liable would have availed appellant nothing.—*Affirmed on condition.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.