L. D. PHELPS, Appellant, v. G. B. TAGGART et al., Appellees.

MAY 8, 1928.

REHEARING DENIED DECEMBER 14, 1928.

*Charles S. White*, for appellant.

*S. C. Kerberg* and *J. A. Graham*, for appellees.

STEVENS, C. J.—The contest in this case is between the appellee Farmers State Bank of Audubon, the holder of a chattel mortgage bearing date April 9, 1926, upon the crops to be grown upon the northeast quarter of Section 24, Township 80, Range 34, for the years 1926-27, and the appellant, the holder of three mortgages upon the premises described, for sums aggregating $21,000. All of the real estate mortgages antedated the chattel mortgage. The court found that the makers of the several notes sued upon were insolvent, and that the value of the land was less than the amount due appellant; but also found that the lien of the chattel mortgage upon the crops was senior

and prior to the rights of appellant to the appointment of a receiver to collect the rents and profits from said premises, and refused the appointment thereof.

The action to foreclose the several mortgages was commenced November 13, 1926, and the decree was entered on February 5, 1927. The land was sold on execution March 10, 1927, leaving a deficiency judgment against the appellee makers of the notes for $1,300. Thereupon, appellant renewed his application to the court for the appointment of a receiver. The application was denied.

The controversy involves the rents and profits for the year 1927 only. Each of the three mortgages contained similar provisions pledging the rents, income, and profits as security for the mortgage indebtedness, and for the appointment of a receiver in case of default in the payment of interest, taxes, etc.

The question here presented is ruled by our decision in *Louis v. Hansen*, 205 Iowa 1216. The reasoning of the opinion in that case is clearly applicable, and need not be repeated. The right of appellant to the rents and profits of the mortgaged premises for the year 1927 and to the appointment of a receiver to collect the same under such holding is senior and paramount to any claim by the appellee bank thereto. The court having found that the appellee makers of the notes and mortgages were insolvent, and that the land was insufficient to pay the indebtedness, a receiver should have been appointed, as prayed. The ruling of the court refusing the appointment of such receiver must, therefore, be reversed, and the cause remanded to the district court, for decree in harmony with this decision and for the appointment of a receiver to collect the rents and profits, if same be deemed necessary for that purpose, or their value, for the year 1927, as prayed. It is so ordered.—*Reversed and remanded.*

EVANS and FAVILLE, JJ., concur.

KINDIG, MORLING, and WAGNER, JJ., specially concur.

KINDIG, J. (specially concurring). I agree with the result reached in this opinion, but in so doing, make a part hereof, by this reference, my special concurrence filed with the majority opinion in *Louis v. Hansen*, 205 Iowa 1216.

MORLING and WAGNER, JJ., join in special concurrence.