FARMERS SAVINGS BANK OF RHODES, Appellant, v. ROY MALLICOAT et al., Appellees.

No. 39075.

DECEMBER 13, 1929.

*C. H. Van Law* and *James H. Van Law,* for appellant.

No appearance for appellees.

MORLING, J.—Defendants have presented no argument. The plaintiff has filed an abstract of the record, but has failed to set

out any of the large number of exhibits introduced in evidence, stating that application will be made for the certification of such as are deemed material. The exhibits have not been certified, and besides, the court cannot undertake the task of completing the abstract of the record. From the printed abstract we gather the following, as the material facts. Defendants George and Roy reside in different houses on the same farm, owned by defendant George, the father of Roy. Since 1916, Roy has farmed the land under a verbal agreement, by which he was to pay $1,000 per year cash rent. The rents for the years 1923 to 1926, inclusive, are unpaid. In and since September, 1925, George furnished Roy the money, under oral agreement, with which to buy cattle for feeding on the farm. George was the owner of the cattle to the extent of the purchase price plus 25 cents per hundred weight. The cattle were bought and assessed in the name of Roy, but shipped, when sold, in the name of George. On April 15, 1926, a deputy sheriff, with two executions on plaintiff's judgments against Roy, appeared at the farm, made a list of cattle then on the farm, and also of horses, hogs, and grain belonging to Roy, was told by George that the cattle belonged to George, gave notice of levy, went to the house of a neighbor, with George, and took from the neighbor a receipt (witnessed by George) for the property claimed to have been levied upon. On April 19, 1926, Roy executed to George a chattel mortgage on this property for $4,000, the amount claimed to be owed for rent. An attorney filed this mortgage for record on April 21, 1926, and after doing so, examined and made copies of plaintiff's executions in the sheriff's office. The attorney's undisputed testimony is that there were then no returns indorsed on the executions, showing any action taken by the sheriff, and that he (the attorney) thereupon served on the sheriff notice of ownership. The deputy sheriff testifies to listing the property on the farm at the time of the alleged levy, taking the receipt from the neighbor, and instructing him concerning it, to giving "them" a copy of notice of levy, to bringing the papers back to the sheriff's office, and returning them to the office deputy, Har. He further says:

"I made my return the day I got back * * * I did not typewrite that return; that was given to Mr. Har, the day the return was made. I made the return of the notice of levy. That

was made out when I came back. The return on this notice of levy is what I referred to as having been made out by me when I returned from this trip to the Mallicoat farm—that and probably some more * * * The general execution identified as Exhibit F has the return on it, and part of that return is in regard to the shipping of the cattle and the sale of them in the stockyards, and that return appears to be signed by Mr. Har, and was made by Mr. Har. I don't know when Mr. Har made any part of the return or signed the return.''

The petition in this suit was filed May 6, 1926. The trial court found that the levy ''was not validly made, and that the equities are with the defendant George Mallicoat.'' Neither the mortgage nor the execution nor the return nor notice of levy or return on it is abstracted. It is provided by Section 11664, Code, 1924:

''The officer to whom an execution is issued shall indorse thereon the day and hour when he received it, the levy, sale, or other act done by virtue thereof, with the date thereof, the dates and amounts of any receipts or payment in satisfaction thereof; which entries must be made at the time of the receipt or act done.''

Section 11668 provides:

''When an execution is delivered to an officer, he must proceed to execute it with diligence; if executed, an exact description of the property at length, with the date of the levy, shall be indorsed upon or appended to the execution and if it was not executed, or only executed in part, the reason in such case must be stated in the return.''

Section 11669 prescribes: ''The officer must execute the writ by levying on the property of the judgment debtor * * *'' It is provided by Section 11680:

''When an officer has an execution against a person who owns property jointly, in common or in partnership with another, such officer may levy on and take possession of the property owned jointly, in common or in partnership, sufficiently to enable him to appraise and inventory the same, and for that purpose shall call to his assistance three disinterested persons,

which inventory and appraisement shall be returned by the officer with the execution, and shall state in his return who claims to own the property."

It may be, though we do not decide, that the deputy sheriff did, as he was required to do, in order to make a levy valid if entered on his return, namely: "that which would amount to a change of possession, or which would be equivalent to a claim of dominion, coupled with a power to exercise it." *Hibbard, Spencer, Bartlett & Co. v. Zenor*, 75 Iowa 471, at 476.

See, also, *First Nat. Bank v. Schram*, 202 Iowa 791; *Lee County Sav. Bank v. Snodgrass Bros.*, 182 Iowa 1387. We need not discuss the evidence of the two defendants and the deputy sheriff on this subject. The statute, Section 11664, is peremptory that the officer "shall·indorse thereon * * * the levy, sale, or other act done by virtue thereof * * * which entries must be made at the time of the receipt or act done." The testimony admits of no conclusion other than that the return of the officer was not, at the time of the filing of the chattel mortgage, six days after the alleged levy, indorsed on or appended to the execution. There may have been a return of some sort upon the notice of levy. If so, we do not know what was in it. George Mallicoat knew what the officer had done in respect to listing the property, giving notice of levy, and taking the receipt of the neighbor. The defendants in their testimony characterize the acts of the sheriff as a levy. Their characterization, or even their understanding, their supposition, that a levy had been made, did not make that a levy which in law was not a levy, or give plaintiff a lien when it had none. There was no levy until a record of the acts which were claimed to constitute a levy was indorsed upon or appended to the execution, as required by the mandatory words of the statute. *Drake v. Brickner*, 180 Iowa 1166; *Mullaney v. Cutting*, 175 Iowa 547.

We do not inquire whether the officer is entitled to a reasonable time to make his indorsement upon the writ. If such indorsement might be made within reasonable time, six days were much longer than would be reasonable to make the indorsement which was required to be made "at the time of the * * * act done." The deputy sheriff was notified, at the time of the alleged levy, that the cattle belonged to George. It does not appear that the cattle were any less in the possession of George

than of Roy. On the evidence, George was entitled to a landlord's lien on all of the interest of Roy in all of the property claimed to have been levied on. It does not appear how much of the rent had fallen due earlier than the year previous. At the time of the alleged levy, therefore, the plaintiff was chargeable with notice of George's interest. The chattel mortgage, on this record, was upon a valuable consideration. Fraud is not shown. At the time the chattel mortgage was made, there was no levy of plaintiff's executions, and plaintiff had no lien. The proceeds of the property sold through the shipping association are fairly shown, on the record, to have belonged to George. Besides, the record does not show the existence of a garnishment.

Plaintiff complains that the court did not require the defendant Roy to go to his home, 28 miles away, after the time the evidence was otherwise concluded, in order to bring to court his pass books and submit to further cross-examination. Part of the roads were then, to a large degree, impassable. No abuse of discretion is shown.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.