HANNAH N. CRAMER, Appellee, v. C. P. MCDONALD et al., Appellants.

No. 41050.

NOVEMBER 24, 1931.

W. D. Milligan and R. E. Duffield, for appellants.

F. J. Lund and Batschelet & Vincent, for appellee.

KINDIG, J.—L. A. Andrew, the Iowa Superintendent of Banking, obtained a judgment in the Guthrie County District Court against one H. W. Cramer. Said Cramer is the husband of Hannah N. Cramer, the plaintiff-appellee. Thereafter, the judgment was duly assigned by the superintendent of banking to C. P. McDonald, a defendant and appellant. Following the assignment, the appellant McDonald, on October 28, 1930, as assignee of the judgment, caused execution to issue thereon. The execution, after issuance, was delivered to the defendant-appellant C. W. Crees, sheriff of Guthrie County, who attempted to levy upon certain capital stock of the Farmers Elevator Company, of Bayard, another defendant and appellant. This capital stock was originally issued to the above-named H. W. Cramer and still stood on the books in his name.

Appellee, however, after the attempted levy on the stock claimed the ownership thereof through an assignment for a valuable consideration. Such assignment, it is claimed, was made by appellee's husband to her July 2, 1925. Notice of her ownership of the stock was made by appellee to the sheriff after the attempted levy. Likewise, appellee demanded that the appellant Elevator Company transfer the stock to her on the books of the company. Her notice and request, however, were ignored and the sheriff thereafter sold the stock at execution sale.

So, on January 31, 1931, the appellee brought a proceeding in equity to: First, set aside the aforesaid levy and sale; and, second, compel the Farmers Elevator Company to transfer the aforesaid stock to appellee on the company records. That relief was asked by appellee in the district court on the ground that the sheriff failed to endorse on the return of execution or append thereto any statement concerning what he did to make the attempted levy on the stock, as required by Code section 11664. Other reasons were assigned for the relief asked, but the same need not be discussed on this appeal.

In compliance with appellee's application, the district court set aside the alleged levy and execution sale, and directed the Farmers Elevator Company to transfer the stock upon its record

to appellee. From that judgment, the appellants appeal and ask reversal for two reasons: First, that the sheriff in making the levy substantially complied with the statute; and, second, that the district court erroneously refused to permit appellants to amend the return during the trial.

I. At the outset, it is important to decide whether appellee in fact is a good-faith owner of the stock. Otherwise she would have no basis on which to attack the levy and execution sale.

It was found by the district court, and, in fact, conceded by the appellants, that the appellee paid a valuable consideration for the stock and is a good-faith holder thereof. Consequently, the case is here decided upon that theory. Being the owner of the stock appellee has a right to contest the levy and sale. For the purposes of this discussion, it is assumed without deciding that the appellant C. P. McDonald would have a prior right to the stock over appellee had the levy thereon been properly made by the sheriff.

II. Was the levy properly made? An answer to the question must be found in the statutes, as interpreted by this court. Three sections of the 1927 Code are involved. They read as follows:

"11664. The officer to whom an execution is issued shall indorse thereon the day and hour when he received it, the levy, sale, or other act done by virtue thereof, with the date thereof, the dates and amounts of any receipts or payment in satisfaction thereof; which entries must be made at the time of the receipt or act done."

"11676. Stock or interest owned by the defendant in any company or corporation, and also debts due him and property of his in the hands of third persons, may be levied upon in the manner provided for attaching the same."

"12098. Stock or interest owned by the defendant in any company is attached by notifying the president or other head of the company, or the secretary, cashier, or other managing agent thereof, of the fact that the stock has been so attached."

With those statutes before him, the sheriff and his deputy in the case at bar attempted to make a levy on the corporation stock involved. Endorsed on the execution is the following:

"State of Iowa, Guthrie County, ss: I, L. M. Bond, deputy

sheriff of said county and state, hereby certify and return that I received the within execution on the 28th day of October, A. D. 1930, and on the 1st day of November, A. D. 1930, I served the same by levying on the following described property, to wit: Nine shares of stock in the Farmers Elevator Company of Bayard, Iowa, Certificate No. 180, and one share stock in Farmers Elevator Company, Bayard, Iowa, Certificate No. 183. I hereby certify that on the first day of November, A. D. 1930, I posted notices of the sale under the attached execution. I hereby certify that on this 24th day of November, A. D. 1930, I sold the above described property to the highest and best bidder therefor at the front door of the courthouse in Guthrie Center, Guthrie County, Iowa. And that the further details and proceedings under this general execution are shown under return of sale and copy of levy that are appended hereto.''

Appended to the execution, as claimed by the sheriff, is a sheet of paper containing the following:

''Notice and copy of Sheriff's levy:

''L. A. Andrew, Superintendent of Banking of the state of Iowa, and assigned by L. A. Andrew to C. P. McDonald, Plaintiff, v. Bayard Savings Bank of Bayard, Iowa, and H. W. Cramer, Defendants. I hereby certify that the annexed General Execution came into my hands on the 28th day of October, 1930, at 5 o'clock P.M. and by virtue thereof on the 1st day of November, 1930, at 2 o'clock P.M., I levied on the following described property as the property of said defendant, to wit: Nine shares stock in Farmers Elevator Company, Bayard, Iowa, Certificate No. 183. C. W. Crees, Sheriff, by L. M. Bond, Deputy.''

Dispute arises concerning when the endorsements were made upon the execution and the appendage attached thereto. The evidence is uncertain concerning each point. Generally, unless the record shows to the contrary, it is presumed that the sheriff made the endorsements at the time named by him on the return. Ebinger v. Wahrer, 213 Iowa 84. Aided by that presumption, and in the absence of a contrary showing, it is concluded that the endorsements on the execution were made and the appendage attached thereto at the time indicated on the respective documents.

Even with that concession, it does not appear that the sheriff and his deputy substantially complied with the above-quoted statutes under the interpretations of this court. Neither the endorsement on the execution nor the contents of the annexed paper purport to state what was done by the sheriff or the deputy in making the levy. By way of conclusion, it is true the sheriff declared that he made a levy. Nevertheless he does not tell how such levy was made. That is not sufficient. Anderson v. Moline Plow Co., 101 Iowa 747; Commercial National Bank v. Farmers & Traders' National Bank, 82 Iowa 192; Farmers Savings Bank v. Mallicoat, 209 Iowa 335; Drake v. Brickner, 180 Iowa 1166; Mullaney v. Cutting, 175 Iowa 547; 6 C. J. 249; 23 C. J. 794. See also First National Bank of Newton v. Jasper County Bank, 71 Iowa 486; Schoonover v. Osborne Bros., 111 Iowa 140. As said in the Farmers Savings Bank case, supra:

"There was no levy until a record of the acts which were claimed to constitute a levy was indorsed upon or appended to the execution, as required by the mandatory words of the statute."

Did the officer in this case serve notice on the "president or other head of the company, or the secretary, cashier, or other managing agent thereof," as required by section 12098 above quoted? There is nothing in the return to show. Without such notice, there would be no valid levy. To illustrate, we said in Moore v. Marshalltown Opera-House Company, 81 Iowa 45, reading on page 47:

"Until the notice required by this provision (Code section 12098) of the law is given, no valid levy can be said to be made. The stock (corporation stock) in such cases (levies of execution) is not capable of manual delivery. It cannot be seized and taken into the possession of the sheriff, and the law designates the notice to the president or other officer of the corporation as the levy. When the notice has been given, the levy is made, and it cannot be said to be a levy until it is given. It can have no force as a levy without the notice; and this notice implies more than a mere verbal declaration of the officer holding the writ. It should be a notice in writing."

Clearly, then, there was no levy in the case at bar because the sheriff did not indorse or append to the execution a record of his acts constituting the same. Farmers Savings Bank v. Mallicoat (209 Iowa 335), supra, and other cases above cited.

An argument is made by appellants upon the theory that the Mallicoat case is a departure from the previous holdings of this court. On this proposition they cite Hill v. Baker, 32 Iowa 302; Davis v. Spaulding, 36 Iowa 610; Brown v. Butters, 40 Iowa 544; Preston v. Wright, 60 Iowa 351; Brown v. Petrie, 86 Iowa 581; Weaver v. Stacey, 105 Iowa 657; Foster v. Davenport, 109 Iowa 329; Borden v. Isherwood, 120 Iowa 677; Cable Company v. Israel, 177 Iowa 579. A distinction, however, can easily be found between those cases relied upon by appellants and the present controversy. In Cable Company v. Israel (177 Iowa 579), supra, the language of the opinion itself distinguishes the facts there and here. Reading on page 581, it is said:

"* * * as against the judgment debtor and those acquiring rights under him with knowledge of the facts, the omission of a statutory formality does not necessarily or in all cases invalidate a levy."

Appellee in the case at bar did not obtain her interest after the levy, but a long time before. Of course, as shown by the foregoing cases, mere irregularities in execution sales at times have been overlooked under proper facts and circumstances. Such, however, is not the question before us. Here the sheriff failed to comply with the statute in making the levy on the corporation stock. The language of the Code is mandatory in reference to what the sheriff must do in order to effect a levy. Farmers Savings Bank v. Mallicoat (209 Iowa 335), supra. Having failed to comply with the statute, the sheriff did not accomplish a levy in this case.

A contention is also made by appellee that the appended portion of the return was a copy of an alleged notice served by the sheriff upon the officer of the corporation. That alleged notice, it is claimed by appellee, is insufficient because the same is not directed to such officer of the corporation. Upon this proposition she cites the following cases. Geneva v. Thompson, 200 Iowa 1173; In re Paving Assessments, 193 Iowa, 1234; Pilkington v. Potwin, 163 Iowa 86; In re Estate of Anderson, 125 Iowa

670; Steele v. Murry, 80 Iowa 336; Mooar v. Walker, 46 Iowa 164. However, in her petition the appellee confined her complaint to the insufficiency of the record made on or appended to the sheriff's return. Therefore, we do not decide or discuss the question in reference to the insufficient notice.

III. Another complaint is made by the appellants because the district court did not permit them to amend the return by inserting the omitted subject matter during the trial of this case.

It will be recalled that the purported levy was made on November 1, 1930, while the trial commenced on March 6, 1931. Hence, the district court disallowed the amendment. Obviously that court acted correctly in this regard. Too much time elapsed between the doing of the act, as recorded on the execution, and return, and the offer to amend the same at the trial.

According to Section 11664 of the 1927 Code, the entries in reference to the levy "must be made at the time;" the "act" is "done." Had the amendment been made at the trial as offered, the entries would not have been made "at the time" the "act" was "done." Farmers Savings Bank v. Mallicoat (209 Iowa 335), supra. Therefore, it was not improper for the district court to refuse the amendment. As between the parties to the execution, of course, this court has been more liberal in allowing corrections of the return. Here, however, as before stated, a third party is involved.

Wherefore, the judgment and decree of the district court should be, and hereby is, affirmed.—Affirmed.

FAVILLE, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.