NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Appellant, v. AMIEL BLOCK et al., Defendants, Appellees; MARTELL & MILLER, Defendants.

No. 41961.

JUNE 20, 1933.

R. F. Clough, for appellant.

Geiser & Donohue, for appellees Amiel and Ina Block.

J. P. Murphy, for appellee George Niemann.

ANDERSON, J.—This was an action to foreclose a real estate mortgage upon certain land in Chickasaw county, Iowa. The prin-

cipal defendant appeared and filed answer, but raised no issue thereby except that he asks that no receiver be appointed and that he be permitted to remain upon the real estate during the period of redemption. Judgment was entered upon the indebtedness, and the mortgage securing the same was foreclosed. A special execution was issued and the mortgaged property sold for $10,713.05, leaving a deficiency judgment of $700. Thereafter a general execution was issued upon the $700 deficiency, and was returned by the sheriff unsatisfied, with the return that no property was found upon which to levy.

The question as to the appointment of a receiver was continued by the court until after the sale under special execution, and on the 13th day of December, 1932, and after the sale of the property under the special execution and the return of the general execution unsatisfied, there was a trial to the court upon the issue as to the appointment of a receiver. The proceedings which we have above detailed were all made matters of record at such trial, and some oral testimony was offered by the defendants. This simply showed, however, the condition of the land and buildings, and was offered for the evident purpose of showing that there had been no waste committed, and that by reason of such situation the appointment of a receiver should be denied. The record as made on such hearing established beyond any controversy that the principal defendant and record title holder, Amiel Block, was insolvent and that the mortgage security was inadequate. There was a deficiency judgment of $700.

The mortgage involved contained a provision that, upon commencement of foreclosure, or at any time thereafter, any court of competent jurisdiction might appoint a receiver for the mortgaged premises

"to take possession thereof to collect the rents, issues and profits of said premises during the pendency of such foreclosure and until the time to redeem the same from the foreclosure sale has expired, and use of the same to make necessary repairs and keep said premises in proper condition and repair pending such sale and expiration of the time to redeem therefrom, and to pay all taxes and assessments accruing between the commencement of the foreclosure and the expiration of the period for redemption, and all taxes and assessments unpaid and tax sales remaining unredeemed at or prior to the foreclosure sale, and to pay insurance

premiums necessary to keep said premises insured in accordance with the provisions of this mortgage, and the expense of the receivership."

Appellee contends that this provision is not a pledge of the rents and profits, and does not entitle the defendant to the appointment of a receiver without a showing of waste, and cites, as supporting his position, Young v. Stewart, 201 Iowa 301, 207 N. W. 401; McBride v. Comley, 204 Iowa 624, 215 N. W. 613.

Neither of these cases furnish any support for the appellee's position. The second case cited was a contest between junior and senior mortgagees; the senior mortgage contained no provision for the appointment of a receiver and no pledge of rents and profits. The junior mortgage contained such provisions, and this court held that the senior mortgage was subordinate in rights to the junior mortgage as to rents and profits. In the first case cited the mortgage contained no provisions whatever with reference to rents and profits or as to the appointment of a receiver, and no showing was made to justify the appointment under the general equitable authority, and this court held that a receiver should not be appointed.

We have held, and it is the law of this state, that, upon foreclosure of a mortgage containing a receivership clause, the plaintiff is entitled to the appointment of a receiver if there is a showing that the security is inadequate and the principal judgment debtor is insolvent. And, while such appointment is to a certain extent within the discretion of the court, such discretion is abused by a refusal to appoint a receiver under facts as disclosed in the present record. Cooley v. Will, 212 Iowa 701, 237 N. W. 315; First Trust Joint Stock Bank v. Beall, 208 Iowa 1107, 225 N. W. 943; Phelps v. Taggart, 207 Iowa 164, 219 N. W. 528; Bogenrief v. Leaming, 205 Iowa 48, 217 N. W. 428; Walters v. Graham, 190 Iowa 481, 180 N. W. 305; Northwestern Mutual Life Ins. Co. v. Gross, 215 Iowa 963, 247 N. W. 286; Security Inv. Co. v. Ose, 205 Iowa 1013, 219 N. W. 36; Hansen v. Bowers, 211 Iowa 931, 234 N. W. 839.

We will not extend this opinion unnecessarily in quoting from the cited cases. However, we insert the following from Phelps v. Taggart, supra:

"The court having found that the appellee makers of the notes and mortgages were insolvent, and that the land was insufficient to pay the indebtedness, a receiver should have been appointed, as prayed."

In the case at bar there was no controversy but what the maker of the note in suit was insolvent and that the land was insufficient to pay the indebtedness; and it is our holding that a receiver should have been appointed, as prayed.

The appellee contends here, for the first time, that there was no valid sale of the property under the special execution and no valid deficiency remaining, for the reason that the sheriff did not indorse upon the execution the fact of the levy or acts done by virtue thereof, with the date thereof, as provided by section 11664 of the 1931 Code.

Section 11664 reads as follows:

"The officer to whom an execution is issued shall indorse thereon the day and hour when he received it, the levy, sale, or other act done by virtue thereof, with the date thereof, the dates and amounts of any receipts or payment in satisfaction thereof; which entries must be made at the time of the receipt or act done."

We have held that this statute is not directory but mandatory. Mullaney v. Cutting, 175 Iowa 547, 154 N. W. 893; Drake v. Brickner, 180 Iowa 1166, 163 N. W. 597. We have had the statute under consideration as to the particular question now raised by appellee in at least two recent cases. It must be understood that the appellee has the burden of the affirmative in establishing such a failure to comply with this statute as to invalidate the sale.

In Ebinger v. Wahrer, 213 Iowa 84, 238 N. W. 587, 590, we said:

"The rule is too well settled in this state to require citation of authority that an officer is presumed to do his duty. Turning to the copy of the execution in this case we find a notation thereon as follows: 'Received the within execution on the 15th day of January, 1929, at 4:30 o'clock P. M.'—signed by the sheriff, by his deputy. There is also attached to the return of the sheriff, undated, a recitation that on the 15th day of January, 1929, he levied on the property, describing it. * * * This is a recitation that the sheriff levied on the property on the 15th day of January, 1929, but there is no entry connected therewith showing the date on which this entry was made. A careful reading of the statute, however, shows that it does not require the dating of the entries. All it requires is that the entries shall show what was done under the writ, and the day on which the act was done. * * * The presumption is,

as above stated, that the officer did his duty, and, so long as this entry appears reciting that he levied on the 15th day of January, etc., the presumption, in the absence of all evidence to the contrary, would be that he made the entry on the date when the levy was made."

In Cramer v. McDonald, 213 Iowa 454, 239 N. W. 101, 102, this court, speaking through Justice Kindig, said:

"Dispute arises concerning when the indorsements were made upon the execution and the appendage attached thereto. The evidence is uncertain concerning each point. Generally, unless the record shows to the contrary, it is presumed that the sheriff made the indorsements at the time named by him on the return. * * * Aided by that presumption, and in the absence of a contrary showing, it is concluded that the indorsements on the execution were made and the appendage attached thereto at the time indicated on the respective documents."

In the instant case the record shows an indorsement upon the execution, signed by the sheriff, as to the date and hour the execution was received; and attached to the execution was a full copy of the notice of sheriff's sale, affidavit showing the publication and service of the notice of sale, and a showing of the amount for which the property was sold. There is no affirmative showing that the completed return so made was not in strict compliance with section 11664 of the Code, and that the indorsements were not made at the time the various acts were performed. Following the presumption that the sheriff performed all acts required of him by law, we are constrained to hold that the return on the execution was sufficient and in compliance with section 11664, and that the sale had under the special execution was valid. It follows that there is no merit in the contention of appellee at this point.

It necessarily follows from what we have said that the trial court erred in refusing to appoint a receiver as prayed by plaintiff. The case is therefore reversed and remanded for further order and decree in the district court in accordance with this opinion.— Reversed and remanded.

KINDIG, C. J., and MITCHELL, STEVENS, and KINTZINGER, JJ., concur.