E. E. McFERRIN, Appellant, v. NYE & JENKS GRAIN COMPANY et al., Appellees.

No. 43025.

DECEMBER 17, 1935.

Welch & Mueller, and C. W. Kellogg, for appellant.

Wright & Baldwin, Geo. S. Wright, Addison G. Kistle, and Paul E. Roadifer, and Clement L. Waldron, for appellees.

ANDERSON, J.— This is an action in equity to set aside the sale of an elevator property under special execution. There was judgment and decree dismissing plaintiff's petition, from which order this appeal is prosecuted.

On September 21, 1932, a decree and judgment was entered in the district court of Harrison county, Iowa, at the suit of Nye-Jenks Grain Company and against E. E. McFerrin in the sum of $6,509, with interest and costs, and also foreclosing a chattel mortgage against an elevator and appurtenant property situated

upon railroad property. The issuance of a special execution was specifically provided for in said foreclosure decree, and thereafter such execution was issued, delivered to the sheriff of Harrison county, and, in pursuance to the directions therein contained, the sheriff levied upon the personal property therein described. Appraisers were appointed and made their return and the property was offered for sale. There was no bid sufficient in amount received by the sheriff to permit a sale, and a second execution was issued and a levy made thereunder. Appraisers were again appointed and made their return and again no sale was made by the sheriff because of insufficient bids. A third execution was then issued and levy made thereunder, and, after the property was again appraised, it was sold to Nye-Jenks Grain Company for $49.60 in excess of the amount due under the execution including accruing costs. It is to set aside this sale that this action was commenced. The judgment in the original action in foreclosure was entered by default. About two months after the judgment was entered, the appellant herein filed an answer and a motion to set aside the default. At the time the motion was filed, it was presented to the court and the following day, November 8, 1932, was fixed as the time for hearing and submission thereon. The court also prescribed that a notice be given forthwith as to hearing on the motion. No such notice was served, and no submission of such motion was ever made. It was more than seven months after the time fixed for hearing on said motion when the execution under the sale here attacked was issued. The motion to set aside the default, together with the showing as to merits, was insufficient, and failed to present tenable grounds to set aside the default. The return of the sheriff on the execution under which the sale was made shows that he made the levy on the 24th day of June, 1933, upon the property in said execution described. Attached to the return is a notice to the defendant E. E. McFerrin, notifying him of the levy, bearing the same date as the levy, and showing service of the same on the defendant McFerrin. Attached to the execution also is a proof of publication of the notice of sale and also the commission to the appraisers, together with their sworn return thereon fixing the total value of the property at $10,833. There is also attached to the execution a notice to the occupant of the property reciting that under the execution the sheriff had levied upon the specific property therein described and that it would

be offered for sale at 10 o'clock on the 7th day of August, 1933. This notice also shows service upon the defendant McFerrin. The further return upon the execution shows that on the day fixed for the sale the sheriff offered the described property in parcels and receiving no bids therefor then offered it as a body and sold the same to Nye-Jenks Grain Company for $7,222. The execution, with the return, including the attached papers, was then returned to the clerk's office, together with the sale price. The record shows that the excess of the sale after the payment of the judgment and costs was received by the attorney of record for the defendant McFerrin from the clerk of court and receipted for by him.

The record further shows that a short time after the sale for $7,222 the purchaser Nye-Jenks Grain Company sold the same to their codefendant, Modale Farmers Elevator Company, for $8,000, the same to be paid in installments of $1,000 a year. The record further shows that there was a second mortgage against the property of $4,000 which was not paid and which, if the sale under execution is set aside, would still remain a second lien against the property. Plaintiff claims that the execution sale is void because all of the appraisers did not inspect the premises; because the Nye-Jenks Company induced the appraisers to place a low valuation on the premises; because the property was worth double the amount of the appraisement; because the sheriff failed to make proper indorsement and return on the execution; because the sale was en masse; and because the purchaser at the execution sale was not a good-faith purchaser.

■■■ We have examined the record and are constrained to hold that the appointment of the appraisers and the appraisement of the property by them was in all respects regular and in accordance with law. It is true that at least one of the appraisers did not inspect the property at the time the appraisement was made, but he did inspect it prior thereto and was familiar therewith. There is no fraud appearing in the record that would in any way tend to impeach the appraisement as made and filed. It should be noticed that the property was offered for sale under the prior appraisements, both of which were in excess of the third and last, and that no bid sufficient was received by the sheriff upon his offer to sell the property under said prior appraisements. The objection that the sale was made en masse has no merit. The sheriff's return shows that it was

offered in separate parcels first and no bids received upon such offer; that it was then offered as a whole and sold for more than two-thirds of the appraised value.

The court in its finding found in reference to the sheriff's return that there was a substantial compliance with section 11664 of the Code in the preparation and filing of the sheriff's return. With such finding we are satisfied, and we are of the opinion that under our former holdings the return was sufficient and a substantial compliance with the law. Cramer v. McDonald, 213 Iowa 454, 239 N. W. 101, Northwestern Mut. Life Ins. Co. v. Block, 216 Iowa 401, 249 N. W. 395, and cases cited and reviewed in the last above-cited case.

The record shows a sale regular on its face, with due notice thereof to the judgment debtor and appraisement regular on its face, and there is no evidence of any fraud connected either with the sale or with the appointment of the appraisers or the making of the appraisement. The property was offered in lesser parcels than the whole and when no bids were received it was then offered and sold en masse at two-thirds of the appraised value. It is true the sale was of personal property and without redemption, but McFerrin, the appellant, had from September 21, 1932, to August 7, 1933, to pay the judgment and relieve his property from the burden. There is no dispute as to the validity of the mortgage indebtedness and there is no offer at any stage in the proceedings by McFerrin to pay the amount due on the mortgage. Neither did he make any attempt to stay the sale under the execution. As we said in Brenton Bros. v. Dorr, 213 Iowa 725, 239 N. W. 808:

"If the applicant shows some reason why judgment should not be enforced against him at the present time because of an independent proceedings and to proceed with the execution would impair his equities or render the independent proceedings ineffective, or otherwise prejudice him, the court may grant a reasonable stay of execution and afford him an opportunity to establish his claim and to escape the inequitable use of the writ." See, also, Francis v. Todd & Kraft Co., 219 Iowa 672, 259 N. W. 249.

There was no inadequacy of price shown in the present record. Most, if not all, of the cases cited by the appellant in which sales of property were set aside show such an inadequacy

of price that it would shock the conscience of an equity court to permit the sales to stand. We can find no support in any of them for the appellant's contentions on this appeal.

On the whole record there is no evidence of overreaching or misleading. McFerrin knew he owed the debt and admits that he could not pay it. There is no element of haste or unconscionable advantage shown in the record. Nearly a year elapsed after the entering of the judgment before the sale in question was made. During that time levies were made under the other executions and the defendant had notice of the time and place fixed for such contemplated sales. He made no effort to protect any interest that he had and certainly had full knowledge and proper notice of the time of the sale which is here attacked. Considering the whole record including the fact of the existence of the $4,000 second mortgage, we are of the opinion that McFerrin had no equity in the property at the time of sale and that he has not been prejudiced in any way by the proceedings. He was not wronged and we can find no equity in his claim. We are of the opinion that the decree of the lower court was right and should be and it is hereby affirmed.—Affirmed.

KINTZINGER, C. J., and DONEGAN, MITCHELL, HAMILTON, RICHARDS, PARSONS, POWERS, and ALBERT, JJ., concur.